374 So.2d 88 (1979)
BIO-MEDICAL APPLICATIONS OF OCALA, INC., Appellant,
v.
OFFICE OF COMMUNITY MEDICAL FACILITIES, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
LL-472.
District Court of Appeal of Florida, First District.
August 7, 1979.
Harold W. Mullis, Jr., of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellant.
Eric J. Haugdahl, Asst. Gen. Counsel, HRS, Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
Bio-Medical appeals from a Department order denying Bio-Medical a Section 120.57 hearing on the application of competitor Shands Teaching Hospital for a certificate of need authorizing a ten-station chronic renal dialysis facility in Ocala. The Department simultaneously granted Shands' application and denied Bio-Medical's finding that Shands' was a "less costly and more appropriate alternative." Section 381.494(5)(e) 1, (6), Florida Statutes (1977). The Department has offered Bio-Medical a Section 120.57 hearing on Bio-Medical's own application but considers that Bio-Medical lacks standing, or did not timely assert standing, to contest the Shands application. We find that these applications are mutually exclusive, each proposing to satisfy the same limited need; that Bio-Medical has standing as a "party" to proceedings on Shands' application; and that, absent Department rules giving Bio-Medical an earlier clear point of entry as intervenor, Bio-Medical timely requested a hearing after the Department acted on Shands' application in free-form proceedings.
Bio-Medical asserts that, as an applicant for a certificate of need, it is entitled by Section 381.494(6)(e) to an APA hearing on Shands' application. That statute provides:

*89 Any applicant or health systems agency aggrieved by the issuance or denial of a certificate of need shall have the right, within not more than 30 days from the day notice of the issuance or denial of such certificate is received from the department, to seek relief according to the provisions of the Administrative Procedure Act... .
We need not go so far as to hold that "any" simultaneous applicant for a certificate of need is entitled to an APA hearing on receipt of notice that the Department has granted another's application. But when simultaneous applications are mutually exclusive and are so regarded by the Department, as here evidenced by the order denying Bio-Medical's application in favor of Shands' "less costly and more appropriate alternative," each competitor is potentially a party to the proceedings on the other's application. Each is one "whose substantial interests will be affected by proposed agency action" on the other's application. Section 120.52(10)(b), Florida Statutes (197 Supp.); Bio-Medical Applications of Clearwater, Inc. v. Department of Health and Rehabilitative Services, 370 So.2d 19 (Fla. 2d DCA 1979).
Because Bio-Medical had standing as a potential party to the Shands proceedings, Bio-Medical was entitled to request a hearing in those proceedings by which Shands' substantial interests were to be determined. Section 120.57, Florida Statutes (1978 Supp.); Gadsden State Bank v. Lewis, 348 So.2d 343, 346 (Fla. 1st DCA 1977). By rules the Department has power to regulate the time and manner in which competitor applicants must appear and request a hearing on each other's applications; but the Department has no such rule. Because Department rules did not provide Bio-Medical an earlier "clear point of entry, within a specified time after some recognizable event in investigatory or other free-form proceedings, to formal or informal proceedings under Section 120.57," the Department was obliged to grant Bio-Medical's application for request for a hearing filed soon after the Department issued Shands' certificate. Capeletti Brothers, Inc. v. Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978), cert. den., 368 So.2d 1374; Graham Contracting, Inc. v. Department of General Services, 363 So.2d 810 (Fla. 1st DCA 1978).
REVERSED.
MILLS, C.J., and SHIVERS, J., concur.