PER CURIAM.
At issue is whether an unsuccessful applicant for a certificate of need authorized under the provisions of Section 381.494, Florida Statutes (1979) has standing to contest the near simultaneous granting of a certificate to a competing applicant.
From reading the record it would appear that the two state agency action reports on the twin applications for a certificate of need for a C. T. whole body scanner were made within 18 days of each other. The first of these reports denied the respondent, Hollywood Medical Center’s application for such a scanner in part because there was “not a need for additional C. T. service in Broward County at this time.” However, 18 days later the petitioner’s application for an identical scanner was approved in the same geographical area.
We do not suggest that the choice was in error and we are aware that the Florida Administrative Code Rule 10-5.-12(1) provides that “an applicant is not aggrieved by the issuance of a certificate of need to another applicant.” Nevertheless, we are also of the opinion that the petitioner has standing to request review if these applications are mutually exclusive. See Bio-Medical Applications of Ocala, Inc. v. Office of Community Medical Facilities, Department of Health and Rehabilitative Services, 374 So.2d 88 (Fla. 1st DCA 1979) and Bio-Medical Applications of Clearwater v. Department of Health and Rehabilitative Services Office of Community Medical Facilities, 370 So.2d 19 (Fla. 2d DCA 1979).
Several factors involved in these two applications appear to us to raise questions of fact as to whether these two applications fall into the mutually exclusive category. The existence of such questions preclude the granting of a writ of prohibition.
Similarly we do not believe the request for review of non-final administrative action is appropriate. Butterworth v. The Public Employees Relations Commission, 382 So.2d 859 (Fla. 4th DCA 1980).
THE REQUESTED RELIEF IS DENIED.
LETTS, C. J., and ANSTEAD, J., concur.
GLICKSTEIN, J., dissents with opinion.