462 So.2d 493 (1984)
FEDERAL PROPERTY MANAGEMENT CORPORATION, Appellant,
v.
HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA (Heartland of Broward), and Department of Health and Rehabilitative Services, Appellees.
No. AY-470.
District Court of Appeal of Florida, First District.
December 21, 1984.
Rehearing Denied February 15, 1985.
*494 Robert D. Newell, Jr. of Oertel & Hoffman, Tallahassee, for appellant.
Alfred W. Clark, of Laramore & Clark, Tallahassee, for appellee Health Care and Retirement.
Jay Adams, Asst. Gen. Counsel, Tallahassee, for appellee HRS.
BARFIELD, Judge.
Federal Property Management Corporation (FPMC) appeals a final order denying its petition to intervene in a hearing on an application for a certificate of need (CON) filed by Health Care and Retirement Corporation of America (HCRCA). We reverse.
The issues before us on appeal are: (1) whether the hearing officer erred in determining that the petition to intervene was not timely filed and (2) whether the hearing officer erred in concluding that the petition to intervene did not meet the requirements of Rule 28-5.201(2), F.A.C. and failed to allege a sufficient factual basis to demonstrate standing.
In June of 1982, FPMC applied to the Department of Health and Rehabilitative Services (HRS) for a CON to construct a 240 bed nursing home in Broward County. The application was denied and FPMC petitioned for a 120.57(1) hearing. HCRCA had filed an application to provide similar services in the same county; the denial of its application was also challenged. Both of these cases were consolidated with other cases resulting from challenges to denials of applications submitted in the June-August 1982 batch cycle.
HCRCA filed a second application in October, 1982, which was denied in January, 1983; HCRCA filed a petition for a 120.57(1) hearing which was assigned DOAH case no. 83-882.
After a series of continuances, final hearing in case no. 83-882 was scheduled for January 18, 1984. The consolidated cases from the June-August 1982 batch cycle were set for hearing five days later on January 23, 1984. Having learned of the January 18 hearing date from a review of the HRS litigation calendar, FPMC on January 12 filed a petition seeking intervention in case no. 83-882 and consolidation of that case with the consolidated cases set for hearing on January 23.
After a January 13 hearing on the petition to intervene, the hearing officer issued an order on January 16 denying intervention and deferring ruling on consolidation. On February 16, 1984 the hearing officer submitted a recommended order to HRS recommending that a CON be awarded to HCRCA and referencing the January 16 order denying intervention. On April 4, 1984, HRS adopted the recommended order in its entirety. FPMC appeals from the final order of HRS adopting the recommended *495 order of the hearing officer and thereby denying intervention in case no. 83-882.
In reversing the order, we find it necessary to review the historical perspectives of the CON procedure and point out to HRS and DOAH the need for agency articulation of policy by rulemaking to prevent unnecessary confusion and delay in the CON application process.
In an effort to contain the rising costs of health care, the National Health Planning and Resources Development Act of 1974 (42 U.S.C. Sec. 300k et seq.) requires that a state provide a certificate of need program in order to qualify for financial grants under federal health programs. The Florida certificate of need program, contained in the Health Facilities and Health Services Planning Act, sections 381.493-381.497, Florida Statutes, is administered by HRS. The procedure for issuance of CON, and the criteria to be applied in the review of such applications, are found in chapter 10-5, Fla. Admin. Code.
A pair of 1979 district court of appeal opinions held that where applications for CON were "mutually exclusive" the agency is required to conduct a comparative hearing at which the competing applications are considered simultaneously. In Bio-Medical Applications of Clearwater, Inc. v. Department of Health and Rehabilitative Services, Office of Community Medical Facilities, 370 So.2d 19 (Fla. 2d DCA 1979), the court relied upon the "Ashbacker" doctrine in holding that denial of a competing applicant's motion for consolidation constituted a material error in procedure requiring that the matter be remanded for further agency action. In Ashbacker Radio Corporation v. Federal Communications Commission, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945), the Supreme Court laid down a general principle that an administrative agency is not to grant one application for a license without some appropriate consideration of another bona fide and timely filed application to render the same service. The Second District Court of Appeal observed that where a need is determined in accordance with a quantitative standard, opposing applicants necessarily become competitors for the fixed pool of needed investments, so that their applications are mutually exclusive within the meaning of Ashbacker.
In Bio-Medical Applications of Ocala, Inc. v. Office of Community Medical Facilities, Department of Health and Rehabilitative Services, 374 So.2d 88 (Fla. 1st DCA 1979), although not citing Ashbacker, the court held that competing applicants for certificates of need for a renal dialysis facility were mutually exclusive, that each applicant was one "whose substantial interest [would] be affected by proposed agency action" on the other's application, and that each was therefore a "potential party" to proceedings on the other's application, so that Bio-Medical was entitled to request a hearing on its competitor's application.
Subsequently, section 381.494(5), Florida Statutes, was amended to require "batching" of CON applications. Pursuant to the statutory requirement, HRS amended Rule 10-5.08 to delineate the procedures to be followed by the applicants and by the agency.
Assuming that all applications submitted in an earlier batching cycle are completely disposed of before disposition of applications in a subsequent batching cycle, the department rules appear adequate to satisfy the requirements of the statute and case law. However, where continuances are granted so that a situation is created in which formal hearings on applications from two separate batching cycles are pending at the same time, difficulty arises in applying the Ashbacker doctrine and in balancing the competing interests of the applicant, the agency and the public. While there may be some difference of opinion regarding whether applicants in a later batching cycle are entitled to intervention in and consolidation with proceedings to dispose of earlier batched applications, it seems obvious that applicants from earlier batched cycles are entitled to intervention in proceedings to dispose of later batched applications, where the hearing on the later *496 batched applications is held prior to the hearing on the earlier batched applications. To hold otherwise would be to allow circumvention of the fundamental doctrine of fair play laid down by the Supreme Court in Ashbacker "which administrative agencies must diligently respect and courts must be ever alert to enforce." Bio-Medical Applications of Clearwater, Inc., 370 So.2d at 23.
Contrary to the hearing officer's findings, which were impliedly adopted by the agency, appellant's petition to intervene and consolidate contains sufficient allegations to demonstrate its standing to intervene. Although the petition does not strictly comply with Rule 28-5.201(2), F.A.C., we find that the hearing officer abused his discretion in not affording appellant an opportunity to amend its pleadings.
The hearing officer based his decision not to allow leave to amend on his conclusion that to do so would allow appellant to seek intervention in contravention of the time constraints prescribed by Rule 28-5.201. However, we agree with appellant that the hearing officer incorrectly interpreted Rules 28-5.103 and 28-5.207, and that his determination that the petition was untimely filed is therefore incorrect. Reading these two rules together, we conclude that the administrative rules regarding time computation were not intended to be identical to the Florida Rules of Civil Procedure regarding time computation and that the provision of Rule 1.090(a), Fla.R.Civ.P. providing for exclusion of Saturdays, Sundays, and legal holidays when the period of time allowed is less than seven days, was not meant to be included in the administrative rules. If the agency wishes to include such a provision in its rules, it should do so expressly.
The final order denying appellant's petition to intervene is REVERSED.
SMITH and ZEHMER, JJ., concur.