482 So.2d 437 (1985)
CHARTER MEDICAL-JACKSONVILLE, INC., Appellant,
v.
COMMUNITY PSYCHIATRIC CENTERS OF FLORIDA, INC., and Department of Health and Rehabilitative Services, Appellees.
No. BD-134.
District Court of Appeal of Florida, First District.
December 30, 1985.
Rehearing Denied February 21, 1986.
Alan C. Sundberg and George N. Meros, Jr., of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tallahassee; William E. Hoffman, Jr. and James A. Dyer, of Dondurant, Miller, Hishon & Stephenson, Atlanta, Ga., for appellant.
Morgan L. Staines, Asst. Gen. Counsel, John H. Parker, Jr. and Thomas D. Watry, of Parker, Hudson, Rainer, Dobbs & Kelly, Atlanta, Ga., for appellee Community Psychiatric Centers of Florida, Inc.
Amy M. Jones, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, Fla., for appellee HRS.
WENTWORTH, Judge.
Charter Medical-Jacksonville, Inc., seeks review of an administrative ruling by which a hearing officer ordered that a petition for intervention be denied. We find that the contested ruling does not represent final agency action, and that Charter Medical has not shown that review of final action would provide an inadequate remedy. We therefore dismiss this cause as one which improperly seeks review of non-final agency action.
Section 120.68(1), Florida Statutes, provides that:
A preliminary, procedural, or intermediate agency action or ruling, including any order of a hearing officer, is immediately reviewable if review of the final agency decision would not provide an adequate remedy. (emphasis supplied)
The emphasized language was enacted by Chapter 84-173, § 4, Laws of Florida, at the next legislative session after this court issued its opinion in Department of Professional Regulation v. LeBaron, 443 So.2d 225 (Fla. 1st DCA 1984), indicating that a hearing officer's order is not agency action, and that judicial review may not be had until such an order is addressed by the agency. Section 120.68(1), as amended, now permits immediate review of a hearing officer's order.[1] However, as with other preliminary, procedural, or intermediate rulings, the statute expressly conditions such review upon the requirement that "review of the final agency decision would not provide an adequate remedy." In the present case Charter Medical has not shown that review after final agency action *438 would provide inadequate relief;[2] absent this circumstance, § 120.68(1) does not provide for immediate review of a hearing officer's order. We therefore dismiss this cause as one which improperly seeks review of non-final action, without prejudice to Charter Medical's ability to timely pursue review after final agency action.
Accordingly, the cause is hereby dismissed.
ERVIN, J., concurs.
ZEHMER, J., concurs specially with written opinion.
ZEHMER, Judge, concurring specially.
Once again, the certificate of need process regulating the number of approved hospital beds has unduly and unnecessarily required judicial labor due to apparent uncertainty regarding the right of a potentially competing certificate holder to intervene and participate in the CON adjudicatory process. Despite the fact that a remedy is available on appellate review after final agency action is taken on the hearing officer's recommended order, that remedy may well be an extremely costly one since the parties and the Department of Health and Rehabilitative Services may be required to relitigate the matter all over again. Unfortunately, the real losers in this process are the members of the public who will ultimately use the beds awarded and pay for the recoupment of such litigation expenses. It would seem preferable that the Department adopt appropriate rules that will better implement the statutory right to intervene in CON cases by providing specific guidance for determining when parties have sufficient competing interests to warrant participation in the proceeding.
Piecemeal appellate review is both inappropriate and unduly burdensome to the appellate system. Although I am convinced that Charter Medical should have been permitted to intervene in the instant case under the reasoning in Federal Property Management Corp. v. Health Care and Retirement Corp., 462 So.2d 493 (Fla. 1st DCA 1984), nevertheless I agree with the majority that one appeal in each case is sufficient unless compelling reasons are shown for reviewing a nonfinal order. For these reasons, I concur in the dismissal of this appeal.
NOTES
[1] Charter Medical seeks to obtain review in the present case by a notice of appeal. However, the proper vehicle for review of a hearing officer's order, in an appropriate case, is by petition for review of non-final administrative action.
[2] In Federal Property Management Corp. v. Health Care & Retirement Corp. of America, 462 So.2d 493 (Fla. 1st DCA 1984), relief was granted after final agency action on a petition to intervene. Charter Medical has not distinguished Federal Property or otherwise shown that such relief would be inadequate in the present case.