PEARSON, TILLMAN (Ret.), Associate Judge.
Health Care Medical Facility XXVI (Heritage Hall) appeals a final order of the Department of Health and Rehabilitative Services (HRS) denying Heritage Hall’s certificate of need (CON). In July of 1983 Heritage Hall had filed for a CON to construct a 60-bed nursing home in DeSoto County. Heritage Hall's application was granted on December 1, 1983.
Diversicare Corporation, Inc., d/b/a De-Soto Manor Nursing Home (DeSoto Manor) on December 23 filed a petition for formal proceedings contesting the issuance of the CON to Heritage Hall. DeSoto Manor is an existing 60-bed nursing home in DeSoto County. DeSoto County is a subdistrict in HRS District VIII. DeSoto Manor in a subsequent batching cycle filed an application to add a 36-bed addition to its existing nursing home. The record before us does not reflect the disposition of DeSoto Man- or’s application.
A hearing was held before the hearing officer, and the hearing officer recommended that Heritage Hall’s application for a 60-bed nursing home be denied. HRS adopted the hearing officer’s recommended order except for a few portions thereof and a final order denying Heritage Hall’s application was entered. This appeal followed.
Heritage Hall presents two points for reversal of the agency action. Point one advances the argument that the hearing officer and HRS improperly considered DeSoto Manor’s later filed application in the decision even though that application was in a different batching cycle. See University Medical Center, Inc. v. Department of Health and Rehabilitative Services, 483 So.2d 712 (Fla. 1st DCA 1985), holding that the batching cycle concept applied throughout the entire CON proceeding. DeSoto contends and, indeed, both the hearing officer and HRS in its final order proclaim adherence to the rule. Nevertheless, the hearing officer did find and HRS adopted the finding that: “Another alternative, not clearly precluded by statute or rule, is that of adding needed nursing home beds to the existing DeSoto Manor facility, the only existing one in DeSoto County.” Appellant concedes that Florida Statute 381.494(6)(d)2 and 3 authorizes the consideration of alternatives to new construction, but urges that in this case the consideration of the alternative amounted to a violation of the batching cycle rule.
We find appellant’s argument unavailing because the basis for the final order was clearly not in the finding that alternatives to the new construction sought by Heritage Hall should be granted. The findings may be summarized as follows:
*805 (1) That the 60-bed construction would exceed by 45 beds the maximum needed and would decrease occupancy in DeSoto County to 50 percent.
(2) Additional nursing home beds are now available in surrounding counties in District VIII. Those beds are reachable under the applicable driving time rule.
(3) Heritage Hall’s projected occupancy rate is unrealistic.
(4) The addition of 60 beds under new construction would substantially increase the costs of nursing home services in DeSoto County.
We cannot fault HRS for allowing evidence of reasonable alternatives to the proposed construction. To do so would contravene the statute and good sense. In the application of any rule, an agency must be guided by a reasonable approach and the best interest of the public.
Heritage Hall’s second point is directed to the weight of the evidence. It is urged that taking DeSoto County as a unit, there is a need for additional nursing home beds and that it is not reasonable to require the citizens of that county to travel to more urban areas for the care of their loved ones. The point is appealing but not sufficient for reversal. The geographical size of Florida counties varies greatly, and the district, not the county, is the more reasonable area to consider. We so interpret the legislative intent of the applicable statute.
We find no error demonstrated and therefore affirm the final order.
SMITH, J., concurs.
BOOTH, C.J., dissents with opinion.