JOANOS, Judge.
Estuaries Properties made an application for development approval (“ADA”) in 1975 pursuant to Chapter 380, Florida Statutes. Lee County denied approval. The Florida Land and Water Adjudicatory Commission (“FLWAC”) upheld the county’s denial of approval on December 20, 1977. This court reversed in Estuary Properties, Inc. v. Askew, 381 So.2d 1126 (Fla. 1st DCA 1979), however, the Florida Supreme Court found that this court incorrectly reversed the FLWAC and remanded the case to this court to be remanded to the FLWAC with instructions to comply with Section 380.-08(3), Florida Statutes. Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla.1981). On remand to that body, the FLWAC notified the parties to submit proposed final orders specifying changes in the development proposal that would make it eligible to receive the permit.
On March 22, 1982, appellant Callan, to whom a portion of the property in the ADA had been conveyed, filed notice of with *433 drawal of Ms property from the ADA. On April 15,1982, Lee County filed a motion to strike the notice of withdrawal. Additional notices and motions were filed. On July 20, 1982, the FLWAC adopted an amended final order denying the original ADA and setting forth the changes which would entitle the applicant to a development permit. In a separate order, the FLWAC denied Lee County’s motion to strike Callan’s notice of withdrawal “because the issue is moot.” Callan now appeals this order as well as the amended final order, contending that because the amended final order fails to describe the land to which it applies it is impossible to determine whether and how the order applies to the property he withdrew from the ADA. Callan further argues that the amended final order cannot apply to his property because the FLWAC lost jurisdiction over the matter upon his abandonment of the ADA; that Lee County erroneously contends that his lands cannot be developed in any manner other than that set forth in the amended final order on the ADA; and that the declaration that the county’s motion to strike was moot means the amended final order does not apply to impose such limitations of the use of his property. Lee County contends the FLWAC was not required to include a legal description of the property to which the order applies; that the amended final order clearly includes Callan’s lands because it denies the original ADA; that Callan cannot remove his property from Chapter 380 jurisdiction because he had had the benefit of that chapter and there has been a decision on the merits; that the FLWAC’s declaration that the issue is moot means that the FLWAC did not recognize Callan’s withdrawal; and that the lands originally included in the ADA should remain aggregated and retain their DRI status, citing General Development Corp. v. Division of State Planning, 353 So.2d 1199 (Fla. 1st DCA 1979).
Having heard oral argument in this case and considered the briefs of the parties and the arguments in the motion to dismiss the appeal and responses to that motion, we have concluded that the only direct challenge raised with regard to the final orders appealed is that the amended final order erroneously omits to include a legal description of the property to which the order applies. In our opinion the FLWAC did not err in omitting such description. Since the entire proceedings and the order involved the original ADA as a whole, we construe the amended final order on that ADA to include the lands which Callan has attempted to withdraw. His withdrawal obviously indicates his decision not to proceed further with the original ADA. However, we decline to issue a declaratory statement regarding the future effect of these proceedings on other and different development plans by the parties. The FLWAC properly brought to a close the proceedings regarding the original ADA.
The orders appealed are AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ., concur.