451 So.2d 868 (1983)
ORANGE COUNTY, Florida, Appellant,
v.
DEBRA, INC., Appellee.
No. AS-46.
District Court of Appeal of Florida, First District.
December 30, 1983.
Rehearing Denied April 6, 1984.
*869 Thomas J. Wilkes, Jr. of Gray, Harris & Robinson, Orlando, for appellant.
Linda Shelley, Tallahassee, Miranda Franks of Maquire, Voorhis & Wells, P.A., Orlando, Robert D. Guthrie, Asst. City Atty., Orlando, and Jolen Rawls, Tallahassee, for appellee.
PER CURIAM.
Orange County, Florida, appeals the acknowledgement by the Florida Land and Water Adjudicatory Commission (FLWAC) of the withdrawal by Debra, Inc., prior to a ruling thereon, of its petition for a rule establishing a Community Development District (CDD), which was filed pursuant to Chapter 190, Florida Statutes (1981).
A hearing officer presided over the public hearing prescribed by § 190.005(1)(b) in August and September, 1982. The FLWAC staff, based on that report and on the factors outlined in Chapter 190, recommended that further public hearings be held before action was taken on the petition. Before the agency could act on this recommendation, Debra, Inc. withdrew its petition on March 8, 1983. It was recommended to the FLWAC by its staff that the withdrawal be acknowledged, which was done at the commission meeting on March 15, 1983. The FLWAC also denied at that time Orange County's request that it issue a final order denying the petition.
Orange County argues that it was error to allow Debra, Inc. to withdraw its petition, and that the FLWAC had a duty to issue a final order on the petition. Debra, Inc. moves to dismiss, alleging that the acknowledgement by the agency is not "final agency action" pursuant to § 120.68, Fla. Stat. (1981).
We deny the motion to dismiss and hold that the agency's acknowledgement of the withdrawal of the petition constituted appealable "final agency action" pursuant to § 120.68. We affirm the action of the FLWAC in allowing Debra, Inc. to withdraw its petition and hold that it properly declined to issue an order denying Debra, Inc.'s petition, as the withdrawal of the petition divested the agency of further jurisdiction to proceed.
*870 Section 120.54(5), Fla. Stat. (1981), provides that any person regulated by an agency may petition the agency to adopt a rule. The petition must contain the proposed rule and the requested action. The agency then has thirty days to initiate rulemaking, or deny the petition, setting forth its reasons for the denial in writing. Under this section, the petition becomes immaterial if the agency decides to initiate rulemaking. The desired rule may have significance to the public or the agency regardless of the personal desires of the petitioner. More importantly, the agency has the jurisdiction to proceed without the petition, since it has the authority under § 120.54 to begin rulemaking on its own initiative.
The FLWAC cannot sua sponte initiate Chapter 190 rulemaking. Section 190.005(1) states that the sole means for obtaining a rule establishing a CDD is to file a petition with the FLWAC and only the filing of a qualifying petition gives the agency jurisdiction to proceed. It is well-established that an agency has no jurisdiction to proceed beyond that granted it by statute; it has no inherent rulemaking authority. § 120.54(14), Fla. Stat. (1981). See Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75 (Fla. 1st DCA 1974); Fiat Motors of North America, Inc. v. Calvin, 356 So.2d 908, 909 (Fla. 1st DCA 1978). Therefore, withdrawal of a Chapter 190 petition short of ruling thereon would deprive the FLWAC of jurisdiction to proceed to a final decision on the petition.
Furthermore, a rule under Chapter 190 is peculiarly to the benefit of the individual petitioner, although others are undeniably affected by the adoption or not of a CDD rule. A petitioner is required by statute to own or control all of the land which is the subject of the CDD petition. § 190.005(1)(a)(2), Fla. Stat. (1981). If prior to receiving a ruling on his petition he no longer desires that his land be designated a CDD, it would be meaningless for the FLWAC to proceed to a conclusion regarding that use without his participation. If, for example, a CDD rule was adopted without the consent of the petitioner (as evidenced by the continuing presence of the petition before the agency) the petitioner would be constrained to engage in proceedings under § 190.046 to dissolve the CDD. This is an unnecessary waste of time and effort which can be avoided if a petitioner is simply allowed to withdraw his petition prior to a ruling thereon if he no longer wants to seek a Chapter 190 rule.
We deny the motion to dismiss filed by Debra, Inc. and affirm the action taken by the FLWAC. It is unnecessary for the Court to rule on the pending motions for extension of time.
MILLS, BOOTH and SHIVERS, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Orange County, Florida files a motion for rehearing directed to this court's opinion, filed December 30, 1983, which affirmed the action of the Florida Land and Water Adjudicatory Commission (FLWAC) in allowing Debra, Inc. to withdraw its Chapter 190 petition for a Community Development District (CDD) before rendering a decision thereon. The rehearing motion alleges error on the part of the court in failing to recognize that the proceeding below was held pursuant to the requirements of § 120.57, Florida Statutes (1981). Appellant further alleges that this error resulted in a misapprehension of the point of its appeal, i.e. that the FLWAC erred in failing to comply with § 120.59, Florida Statutes (1981) which requires an agency to render a final order in such proceedings within ninety (90) days after submission of a recommended order. For the reasons hereinafter set forth, we do not agree.
Section 190.005(1), Florida Statutes (1981) provides: "The exclusive and uniform method for the establishment of a CDD ... shall be pursuant to rule adopted under Chapter 120." (emphasis supplied). It is true that the statute does not specify which part of Chapter 120 shall govern, the *871 informal procedures set forth in § 120.54 or the more formal procedures of § 120.57. However, § 120.54(16) states that "[r]ulemaking proceedings shall be governed solely by the provisions of this section... ." (emphasis supplied).
Appellant argues that subsection (16) goes on to provide a procedure by which a party can "draw out" a § 120.54 proceeding to the more formal § 120.57 proceeding if the party "timely asserts that his substantial interests will be affected in the proceeding and affirmatively demonstrates to the agency that the proceeding does not provide adequate opportunity to protect those interests." Appellant has provided no evidence of such a "draw out" in this case. In fact, appellant filed a "motion for involuntary dismissal" below at the midpoint of the proceedings, the basis of which was Debra, Inc.'s alleged failure to file an adequate economic impact statement pursuant to the requirements of § 120.54(2)(a). After the conclusion of the proceedings, appellant filed with the hearing officer, not a proposed recommended order, pursuant to § 120.57(1)(b)(4), but a proposed "Report of Hearing Officer." Therefore, it does not appear that even appellant viewed the proceedings as having been "drawn out" to a § 120.57 proceeding pursuant to § 120.54(16).
In further support of its contention that § 120.57 controlled the proceedings below, appellant argues that its intervention was allowed by the hearing officer pursuant to administrative rule applicable to formal administrative proceedings under § 120.57. However, the order of the hearing officer granting the motion to intervene reveals that appellant's intervention was allowed pursuant to § 190.005(1)(b) (all affected units of local government shall be given an opportunity to appear).
In conclusion, because § 120.54 governs the hearing prescribed in § 190.005(1)(b), appellant's argument that the FLWAC erred in failing to comply with § 120.59 is inapposite, since that statute is applicable only to proceedings held pursuant to § 120.57. The appellant has therefore failed to demonstrate error in the court's previous opinion and the motion for rehearing is denied.
MILLS, BOOTH and SHIVERS, JJ., concur.