500 So.2d 186 (1986)
HUMANA OF FLORIDA, INC., D/B/a Humana Hospital Daytona Beach, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, & Surgicare III, Sponsor of Surgicare Outpatient Care of Daytona Beach, Appellees.
Nos. BI-246, BK-418.
District Court of Appeal of Florida, First District.
September 11, 1986.
Rehearing Denied October 20, 1986.
*187 James C. Hauser, of Messer, Vickers, Caparello, French & Madsen, Tallahassee, for appellant.
Lesley Mendelson, H.R.S., for appellee HRS.
Kevin B. Getzendanner, Charles L. Gregory and Anne S. Infinger, of Arnall, Golden & Gregory, Atlanta, for appellee Surgicare III.
WENTWORTH, Judge.
Appellant, intervenor in a formal hearing to contest issuance of a certificate of need, seeks review of a Department of Health and Rehabilitative Services (HRS) final order by which the formal hearing was cancelled and the application for the certificate of need was approved.
Appellant contends that, having properly intervened in the administrative proceeding, it could not be divested of its rights as a party by the initial petitioner's voluntary dismissal of the hearing. Appellant bases its argument upon an assertion that section 381.494(8)(e), Florida Statutes, which provides that affected parties have 30 days from notice of a certificate of need decision to contest the action in a formal hearing, is a statute of limitation inuring to the benefit of an intervenor after the limitation period runs when there is community of interest between the original petitioner and the intervenor. We disagree and affirm.
Surgicare III submitted an application for a certificate of need to construct an ambulatory-surgical center in Volusia County, and HRS on April 2, 1984 preliminarily approved the application. Halifax Hospital on May 10, 1984 filed a petition for a section 120.57(1) formal hearing to challenge the action.
Appellant on March 19, 1985 filed a petition to intervene in the same proceeding, alleging it would be substantially affected by approval of the certificate of need. The hearing officer granted appellant intervenor status.
Halifax Hospital on July 30, 1985 filed a notice of voluntary dismissal of its petition for formal hearing. The hearing officer entered an order cancelling the hearing and closing the Department of Administrative Hearings file. HRS then entered an order, concluding that Halifax Hospital had an absolute right to dismiss its action, and that exercise of that right terminated the proceeding. HRS asserted that section 381.494(8)(e), Florida Statutes, is jurisdictional, and an intervenor has no right to a hearing unless the original petitioner continues its action.
A party must comply with the requirements of section 381.494(8)(e) in order to be eligible for a section 120.57(1), Florida Statutes, hearing.
This court has held that before an agency has "review" jurisdiction, a timely petition for review must be filed. Conversely, where a petition is withdrawn, agency jurisdiction ceases to exist. In Orange County v. Debra, Inc., 451 So.2d 868 (Fla. 1st DCA 1984), Debra Inc. petitioned for rulemaking under section 120.54(5), Florida Statutes, but then withdrew its petition before the agency could act. The court held that withdrawal of the petition divested the agency of jurisdiction to proceed. In State, Department of Health & *188 Human Services v. Alice P., 367 So.2d 1045 (Fla. 1st DCA 1979), the court construed section 120.54(4)(b), Florida Statutes, as jurisdictional in nature. That statute required that one who sought to challenge a proposed rule must file a petition within 14 days after the date of publication of the notice of the rule. In that case, intervenors who became parties to the rulemaking process after the 14 days notice had lapsed lost standing when the original petitioners lost their standing.
In this case, appellant filed its petition to intervene 11 months after HRS gave notice of its intent to issue Surgicare III a certificate of need. As an intervenor, appellant joined the proceeding subject to the action of the original petitioner. When Halifax Hospital dismissed its petition, no valid proceeding existed in which appellant could participate. To hold otherwise would be to vest in the intervenor greater status than the original petitioner. Accordingly, the order is affirmed.
NIMMONS, J., and WILLIS, Associate Judge, concur.