# FAIRFIELD COMMUNITIES, INC. v FLORIDA LAND AND WATER ADJUDICATORY COMMISSION

## Case No. 86-4591R

State of Florida, Division of Administrative Hearings

January 22, 1987

### APPEARANCES OF COUNSEL

**Thomas G. Pelham** and William L. Hyde, Culpepper, Pelham, Turner & Mannheimer for petitioner.

**Beverly S. McClear,** Assistant Attorney General and **David G.**

**Guest,** Assistant Attorney General, Department of Legal Affairs for respondent.

**Segundo J. Fernandez** and **Douglas P. Manson, Oertel & Hoffman,** for intervenors, Friends of Fort George, Inc. and Wildlife Federation.

**Charles Lee** as representative for Florida Audubon Society.

## OPINION OF THE COURT

ROBERT T. BENTON, II, Hearing Officer.

### FINAL ORDER

This matter came on for hearing in Tallahassee, Florida, before Robert T. Benton, II, Hearing Officer of the Division of Administrative Hearings on December 23, 1986. Fairfield Communities, Inc., the Florida Land and Water Adjudicatory Commission and the Intervenors filed proposed orders. Proposed findings of fact are addressee by number in the attached appendix. Intervenor Florida Audubon Society was represented by a qualified representative. The other parties were represented by counsel

This proceeding began on November 24, 1986 with the filing of a petition for determination of the invalidity of existing rules challenging as invalid Rule 27G-1.06(2) and Rule 27G-1.08(4), Florida Administrative Code, pursuant to Section 120.56, Florida Statutes (1985).

Challenges to these rule provisions are an outgrowth of an ongoing substantial interest proceeding, *In re: A Development Order Issued By The City of Jacksonville Planning Department Dated June 12, 1986, Approving The Master Land Use Plan For A Development of Regional Impact Known as The Fort George Island DRI,* No. 86-4127, in which the challenged provisions have come into play. The parties to the present proceeding are all parties to the Fort George DRI substantial interest proceeding, No. 86-4127, as well.

### ISSUE

Whether Rule 27G-1.06(2) and Rule 27G-1.08(4), Florida Administrative Code, or either of them, is in invalid exercise of delegated legislative authority?

### FINDINGS OF FACT

The parties have stipulated that Fairfield Communities, Inc. (Fairfield) has the requisite standing to challenge the rule provisions at issue and that Friends of Fort George, Inc., (Friends), Florida Wildlife Federation (FWF) and Florida Audubon Society (Audubon) have

**157**

standing to participate as intervenors in support of these rule provisions. The Florida Land and Water Adjudicatory Commission (FLWAC) is the state agency that promulgated the challenged rules.

The Fort George DRI case, No. 86-4127, began on August 1, 1986, when the Department of Community Affairs took an appeal of the development order entered by the City of Jacksonville on June 12, 1986 on grounds

The MLUP does not accurately show or locate the DER jurisdictional line on the western side of the island from which buffer areas required by the ADO are to be measured . . .

The MLUP does not properly or accurately depict or locate buffer areas surrounding the sloughs on the western side of Fort George Island. Exhibit B to the Prehearing Stipulation.

Together with others, the Intervenors in the present case filed, in the Fort George DRI case, No. 86-4127, a motion to intervene as of right and request for consideration of additional issues on August 7, 1986.

The intervenors in No. 86-4127 sought consideration of a wide range of issues in the Fort George DRI case, including questions concerning Blue Pond, the perimeter buffer zone, the interior habitat, weirs, berms, dikes and hydraulic connections, the adequacy of the water supply, the effect of the Game and Fresh Water Fish Commission's disapproval, the placement of various boundaries, and whether "Fairfield has failed to provide adequate protection of the microclimate and ecology of the Rollings Bird and Plant Sanctuary as mandated by the ADO . . . ." Exhibit C to the Prehearing Stipulation.

In filing their motion to intervene as of right and request for consideration of additional issues in No. 86-4127, Friends, Audubon and FWF expressly relied on Rule 27G-1.06, Florida Administrative Code. The portion under challenge here provides:

(2) Motions to intervene filed with the Commission within 30 days of the filing of a notice of appeal may request the Commission to consider issues raised in the record below but not raised by the parties to the appeal. Rule 27G-1.06, Florida Administrative Code.

In the order of transmittal, entered in No. 86-4127 on October 15, 1986, FLWAC denied consideration of every issue raised by the intervenors, except for the issue concerning the Rollings Bird and Plant Sanctuary, and added a related issue, also concerning the Rollins Bird and Plant Sanctuary, citing Rule 27G-1.08, Florida Administrative Code. The portion of that rule under challenge here provides:

(4) Within 60 days of receipt of a notice of appeal, the Commission

158

shall meet to review the issues raised by the parties. If the Commission determines that an issue of statewide or regional importance was not raised by the parties but is necessary to its disposition of the appeal, the Commission shall specify said issue and shall specify whether the issue shall be the subject of review based on the record made below, additional evidence or a combination thereof. New issues shall not be raised by the parties or other persons after this Commission meeting. At this meeting, the Commission may also dispose of procedural motions, including motions to intervene, which have been filed within 30 days of the filing of the notice of appeal. Rule 27G-1.08, Florida Administrative Code.

Fairfield, as the applicant for the development order in No. 86-4127, questions FLWAC's authority to promulgate rules that allow FLWAC to consider issues not raised by the party who took the DRI appeal, whether *sua sponte* or on motion of an intervenor.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction of petitions like the present one challenging administrative rules as an invalid exercise of delegated legislative authority. Section 120.56, Florida Statutes (1985).

As the "one who attacks," *Agrico Chemical Co. v. State Department of Environmental Regulation,* 365 So.2d 759, 763, (Fla. 1st DCA 1978) *cert. den.* 376 So.2d 74 (Fla. 1979), duly promulgated rules, the petitioner has the burden to:

show that (1) the agency adopting the rule has exceeded its authority; (2) that the requirements of the rule are not appropriate to the ends specified in the legislative act; and (3) the requirements contained in the rule are not reasonably related to the purpose of the enabling legislation but are arbitrary or capricious. *Department of Administration, Division of Retirement v. Albanese,* 45 So.2d 639, 641 (Fla. 1st DCA 1984).

The challengers burden "is a stringent one indeed." *Agrico Chemical Co. v. State Department of Environmental Regulation,* 365 SO.2d 759, 763 (Fla. 1st DCA 1978) *cert. den.* 376 So.2d 74 (Fla. 1979).

### FLWAC's Role in the DRI Process

FLWAC "which shall consist of the Administration Commission," Section 380.07(1), Florida Statutes (1985), is an agency of the executive branch specifically subject "to the provisions of chapter 120." Section 380.07(3), Florida Statutes (1985). FLWAC is not a court. As with

other adjudicatory administrative agencies, a "final, quasi-judicial decision is made by . . . [FLWAC] and is subject to judicial review." *Transgulf Pipeline Co. v. Board of County Commissioners of Gadsden County,* 438 So.2d 876, 880 (Fla. 1st DCA 1983).

Like every other executive agency, FLWAC is not only authorized but required to adopt rules of practice and "rules of procedure appropriate for the presentation of arguments concerning issues of law or policy, and for the presentation of evidence on any pertinent fact that may be in dispute." Section 120.53(1)(c), Florida Statutes (1985). Although DRI appeals arise from development orders entered by local governments, they are nonetheless *de novo* administrative proceedings governed by Section 120.57, Florida Statutes (1985). An analogous situation obtains with respect to certificate of need appeals, which are also *de novo* administrative proceedings. *E.G., University Medical Center, Inc. v. Department of Health and Rehabilitative Services,* 483 So.2d 712 (Fla. 1st DCA 1985) (on reh. 1986); *Boca Raton Artificial Kidney Center v. Department of Health and Rehabilitative Services,* 475 So.2d 260 (Fla. 1st DCA 1985).

Chapter 27G-1, Florida Administrative Code, sets out procedures to govern DRI proceedings before FLWAC. These procedural rules were promulgated against the background of antecedent DRI litigation, including the Fox Properties DRI appeals. See *Fox v. Treasure Coast Regional Planning Council v. Florida Land and Water Adjudicatory Commission,* 442 So.2d 221 (Fla. 1st DCA 1983) and *Fox v. South Florida Regional Planning Council,* 327 So.2d 56 (Fla. 1st DCA) *cert. den.* 336 So.2d 1181 (Fla. 1976). In the Fox Properties case, the FLWAC adopted a "compromise plan . . . first proposed at the final hearing before the Commission," 442 So.2d at 227, thereby interjecting new issues into the DRI appeal after the formal administrative hearing had concluded. The court upheld FLWAC's insertion of new issues at that stage, but remanded for another hearing before the hearing officer "for the appropriate findings of fact to support . . . . [FLWAC's] order . . . or . . . other proposals or compromises which the parties may wish to present to the hearing officer." 442 So.2d 227.

The rule provisions under challenge here require FLWAC to define the issues to be litigated in a DRI appeal, before referring the matter to the Division of Administrative Hearings for a formal evidentiary hearing. This has the salutary effect of focusing the controversy at an early stage and minimizing, if not avoiding, the need for multiple hearings. By promoting efficiency in DRI appeals, the challenged provisions redound to the benefit of developers and other litigants alike.

### Grounds Urged

But petitioner complains that the rule provisions it challenges here are beyond FLWAC's authority because FLWAC's role in DRI appeals should be the same as that of a court, trial if not appellate; because allowing intervenors to suggest issues does not square with statutory provisions limiting standing to initiate DRI appeals; because "there is no statute empowering FLWAC [as opposed to state and regional planning agencies] to protect state or regional interests," Petitioner's Memorandum, p. 5; and because the 1984 legislature failed to enact the committee substitute for House Bill 1271.

These claims must be evaluated in light of the comprehensive scope of DRI appeals before FLWAC. When used in Section 380.07(3), Florida Statutes (1985), the term appeal should be understood "in its broadest, nontechnical sense." *Transgulf Pipeline Co. v. Board of County Commissioners of Gadsden County,* 438 So.2d 876, 878 (Fla. 1st DCA 1983). The statute empowers FLWAC not only to affirm or reverse but also to "attach conditions and restrictions to its decisions," Section 380.07(4), Florida Statutes (1985), in keeping with the standards of Chapter 380, Florida Statutes (1985).

Inherent in this broad grant of authority is FLWAC's entitlement to promulgate Rule 27G-1.08(4), Florida Administrative Code, establishing an orderly means for litigating any "issue of statewide or regional importance . . . necessary to its disposition of . . . [a DRI] appeal," even if "not raised by the parties." Rule 27G-1.08(4), Florida Administrative Code. FLWAC's authority to entertain an issue not raised by the parties was established by the decision in *Fox v. Treasure Coast Regional Planning Council v. Florida Land and Water Adjudicatory Commission,* 442 So.2d 221 (Fla. 1st DCA 1983). The rule challenged here improves upon the *status quo ante,* because, under *Fox* the FLWAC could raise a new issue, even after the administrative hearing was over. The FLWAC has narrowed its preexisting powers by providing that "[n]ew issues shall not be raised . . . after," Rule 27G-1.08, Florida Administrative Code, the FLWAC has met, reviewed issues raised by the parties and specified the issues to be addressed in the DRI appeal, all of which should occur before the administrative hearing begins.

### Intervenors' Suggestions Allowed

Petitioner contends that the FLWAC should not be entitled to consider issues raised by parties like the intervenors here, who have also intervened in the DRI appeal, No. 86-4127. Because these intervenors are not "the owner, the developer, an appropriate regional

**161**

planning agency . . . or the state land planning agency," Section 380.07(2), Florida Statutes (1985), they could not have initiated the DRI appeal. *Londono v. City of Alachua,* 438 So.2d 91 (1983); *Suwannee River Area Council Boy Scouts of America v. State, Department of Community Affairs,* 384 So.2d 1369, 1374 (Fla. 1st DCA 1980). But the challenged rule provision only authorizes intervenors to "request the [FLWAC] to consider issues raised in the record below but not raised by the parties to the appeal." Rule 27G-1.06(2), Florida Administrative Code.

The rule grants intervenors, including those on whom Section 403.412(5), Florida Statutes (1985), confers "standing to intervene as a party," leave to suggest to FLWAC what issues ought to be addressed when FLWAC decides for or against upholding a development order and what conditions and restrictions, if any, to attach. The rule simply enables a party to the proceeding to offer suggestions in this regard, but does not require FLWAC to adopt as issues any or all of the matters the intervenor(s) request FLWAC to consider.

"[T]he validity of . . . [a challenged] rule must be upheld if it is reasonably related to the purpose of the legislation interpreted and it is not arbitrary and capricious." *Department of Professional Regulation v. Durrani,* 455 So.2d 515, 517 (Fla. 1st DCA 1984). *Florida Beverage Corp. v. Wynne,* 306 So.2d 200 (Fla. 1st DCA 1975).

> Moreover, the agency's interpretation of a statute need not be the sole possible interpretation or even the most desirable one; it need only be within the range of possible interpretations. *Department of Health and Rehabilitative Services v. Wright,* 439 So.2d 937 (Fla. 1st DCA 1983) (Ervin, C.J., dissenting); *Department of Administration v. Nelson,* 424 So.2d 852 (Fla. 1st DCA 1982); *Department of Health and Rehabilitative Services v. Framat Realty, Inc.,* 407 So.2d 238 (Fla. 1st DCA 1981). 455 So. at 417.

"[A]gencies are given wide discretion in the exercise of their lawful rulemaking authority." *Austin v. Department of Health and Rehabilitative Services,* 495 So.2d 777, 779 (Fla. 1st DCA 1986). FLWAC has not abused its discretion in promulgating Rule 27G-1.06(2) or Rule 27G-1.08(4), Florida Administrative Code.

### Cs/HB 1271 Immaterial

The 1984 legislative session saw much activity on "growth management" issues. The 113-page committee substitute for House Bill 1271 was one among many bills on the subject. At pages 47 and 48, Cs/HB 1271 proposed a new subsection 5 for 380.07, Florida Statutes, to read:

162

(5) When a notice of appeal is filed, the Florida Land and Water Adjudicatory Commission shall have 60 days, the requirements of chapter 120 notwithstanding, to request the assignment of a hearing officer to conduct a hearing pursuant to § 120.57. During this time, the commission shall determine whether the appeal raises any additional issues of state or regional importance that require further evidence and testimony in the record. The commission shall also determine whether the local government provided a full and fair hearing in compliance with § 380.02(11) in the proceeding for the development order held below. The commission shall issue a preliminary order containing the results of such determinations and listing the issues to be heard on appeal within this 60-day period.

(a) If the local government did not provide a full and fair hearing pursuant to § 380.06(11), the Florida Land and Water Adjudicatory Commission shall request the assignment of a hearing officer to conduct a hearing pursuant to § 120.57 on the development order and any additional issues designated by the commission.

(b) If the local government provided a full and fair hearing, the commission shall determine whether any additional issues of state or regional importance require further evidence and testimony in the record. If so, the commission shall identify all such issues, consolidate them is a single order, and remand the case to the local government to conduct a hearing on such issues pursuant to s. 380.06(11) and prepare findings of fact and conclusions of law on the issues designated by the commission. The commission shall then consider the appeal on the record of the local hearing and the record of the additional hearing. The commission shall not remand a case more than one time, unless the local government fails to take adequate additional testimony and evidence on the issues remanded.

(c) If the local government provided a full and fair hearing and the commission determines that there are no additional issues of state or regional importance which require further evidence and testimony, the commission shall consider the appeal on the record of the local hearing. Section 7, Cs/HB 1271

Cs/HB 1271 died in committee. In the same session, an entirely different bill, SB 723, was amended in the House to include language which became law:

When the Florida Land and Water Adjudicatory Commission receives a notice of appeal pursuant to s. 380.07, the commission shall notify the division within 60 days of receipt of the notice of appeal if

**163**

the commission elects to request the assignment of a hearing officer. Ch. 84-203, Laws of Florida (1984)

SB 723 dealt with the Administrative Procedure Act, and not, except for the quoted language, with growth management.

Legislative history of this kind differs from the legislative history of the statute at issue in *Rabren v. Board of Pilot Commissioners,* No. BF-89 (Fla. 1st DCA; August 27, 1986), 11 FLW 327. There the legislature enacted a bill without a proposed amendment, while here no part of Cs/HB 1271 passed. It is far from clear, moreover, that the failure of the entire 113-page bill can fairly be attributed to legislative antipathy to certain aspects of one small provisions. Legislative history of this kind casts no clear light on the meaning either of the statutes on the books before the 1984 sessions or on Ch. 84-203, Laws of Florida (1984).

It is accordingly,

ORDERED:

The petition for determination of the invalidity of existing rules is denied.

DONE and ORDERED this 22nd day of January, 1987, in Tallahassee, Florida.

---

IN RE: A DEVELOPMENT ORDER ISSUED BY THE CITY OF JACKSONVILLE PLANNING DEPARTMENT DATED JUNE 12, 1986, APPROVING THE MASTER LAND USE PLAN FOR A DEVELOPMENT OF REGIONAL IMPACT KNOWN AS THE FORT GEORGE ISLAND DRI

Case No. 86-4127

State of Florida, Division of Administrative Hearings

March 17, 1987

APPEAL FILED BY THE STATE OF FLORIDA, DEPARTMENT OF COMMUNITY AFFAIRS

ORDER DENYING FAIRFIELD COMMUNITIES, INC.'S MOTION TO STRIKE PLEADINGS FILED BY THE FLORIDA LAND AND WATER ADJUDICA- TORY COMMISSION; DENYING FLORIDA DEPART- MENT OF COMMUNITY AFFAIRS' MOTION TO STRIKE PLEADING FILED BY THE FLORIDA LAND AND WATER ADJUDICATORY COMMISSION; THE

FLORIDA LAND AND WATER ADJUDICATORY
COMMISSION'S MOTION TO STRIKE FAIRFIELD'S
MOTION TO CLOSE THE FILE; GRANTING FLOR-
IDA LAND AND WATER ADJUDICATORY COMMIS-
SION'S MOTION TO STRIKE THE NOTICE OF VOL-
UNTARY DISMISSAL OF THE DEPARTMENT OF
COMMUNITY AFFAIRS, BUT DEEMING SAME NO-
TICE OF CHANGE OF POSITION; DENYING FAIR-
FIELD COMMUNITIES, INC.'S MOTION TO DISMISS
FOR LACK OF JURISDICTION; *AND GRANTING
MOTION FOR CONTINUANCE OF FINAL HEARING*

On March 13, 1987, pending motions came on for hearing. Counsel for the parties were heard and Florida Land and Water Adjudicatory Commission (FLWAC) offered a portion of a transcript of proceedings held before FLWAC on October 7, 1986, as an exhibit on the motions.

## BACKGROUND

The present formal administrative proceeding began on August 1, 1986, when the Department of Community Affairs (DCA) took an appeal of the development order entered by the City of Jacksonville (City) on June 12, 1986, by filing a petition under Section 380.07, Florida Statutes (1985). In the appealed development order, the City adopted a master land use plan, in purported conformity with an amended development order entered by the FLWAC on January 25, 1984. The DCA filed its petition with FLWAC on grounds that the June 12, 1986 order "does not accurately show or locate. . . . [certain] buffer areas," and sought reversal of the City's development order adopting the master land use plan.

By motion to intervene as of right and request for consideration of additional issues, Friends of Ft. George, Inc. (Friends) and Florida Audubon Society (Florida Audubon), citing Section 403.412(5), Florida Statutes, and Southeastern Fisheries Association, Inc. (SFA), Florida Wildlife Federation (FWF), Duval Audubon Society (DAS), and Logal Diving, Inc. (LDI) sought intervention, in accordance with Rule 27G-1.06, Florida Administrative Code. By this pleading, they also re-quested consideration of a wide range of issues "including questions concerning Blue Pond, the perimeter buffer zone, the interior habitat, weirs, berms, dikes and hydraulic connections, the adequacy of the water supply, the effect of the Game and Fresh Water Fish Commis-sion's disapproval, the placement of various boundaries, and whether 'Fairfield has failed to provide adequate protection of the microclimate and ecology of the Rollings Bird and Plant Sanctuary as mandated by

**165**

the ADO . . . .' Exhibit C to the Prehearing Stipulation." *Fairfield Communities, Inc. v. Florida Land and Water Adjudicatory Commission,* No. 86-4591R (DOAH; January 22, 1987).

By order of transmittal entered October 15,1986, FLWAC granted Friends' and Florida Audubon's "request pursuant to Subsection 27G-1.06(3), F.A.C., for intervention as a full party with the right to question any phase of the proceeding"; granted intervention to SFA, FWF, DAS and LDI; denied consideration of every issue the intervenors raised, except for the issue concerning the Rollins Bird and Plant Sanctuary; and added a related issue also concerning the Rollins Bird and Plant Sanctuary, citing Rule 27G-1.08, Florida Administrative Code; and transmitted the proceeding to the Division of Administrative Hearings in accordance with Section 120.57(1)(b)3., Florida Statutes (1986 Supp.), and FLWAC's own Rule 27G-1.08(6), Florida Administrative Code.

After the case reached the Division of Administrative Hearings, Fairfield Communities, Inc. (Fairfield), the developer whose application for development approval eventuated in the amended development order of January 25, 1984, and in the subsequent development order at issue here, initiated a second proceeding by filing a petition for determination of the invalidity of existing rules, pursuant to Section 120.56, Florida Statutes (1985), challenging Rules 27G-1.06(2) and 27G-1.08(4), Florida Administrative Code, as invalid. By order entered January 22, 1987, Fairfield's petition for determination of the invalidity of existing rules was denied. *Fairfield Communities, Inc. v. Florida Land and Water Adjudicatory Commission,* No. 86-4591R (DOAH; Jan. 22,1987) app. pndg. No. BR-481 (Fla. 1st DCA; N/A filed Feb. 5, 1987).

Meanwhile, on January 5, 1987, the DCA, the City and Fairfield entered into an eight-page "Settlement Agreement." Neither FLWAC, Friends, Florida Audubon, SFA, FWF, DAS nor LDI were parties to this agreement. At the motion hearing on March 13, 1987, counsel for the DCA explained that the DCA had great difference for the intervenors' concerns in working out the "Settlement Agreement," but that the choice was between reaching an agreement with only three of the parties to the proceeding or reaching no agreement at all. The DCA filed a notice of voluntary dismissal on January 6, 1987, citing its agreement of the day before with Fairfield and the City. On January 20, 1987, Fairfield filed a motion to dismiss for lack of jurisdiction.

On a separate front, the intervenors in the present case initiated another administrative proceeding by filing with the DCA a petition for

166

a Section 120.57(1) hearing on "the Department's proposed final agency action to settle an appeal of Final Development Order in DOAH Case No. 86-4127 and its attempt to voluntarily dismiss this proceeding pursuant to the settlement agreement." In its final order denying and dismissing their petition, the DCA concluded that "the Settlement Agreement was entered into by the Department, the City and Fairfield and does not purport to dismiss or affect whatever rights Petitioners [intervenors here] may have in DOAH Case No. 86-4127." *Friends of Fort George, Inc. v. Florida Department of Community Affairs,* No. 87-1 (DCA; March 9, 1987).

### FAIRFIELD COMMUNITIES, INC.'S MOTION TO STRIKE PLEADING FILED BY THE FLORIDA LAND AND WATER ADJUDICATORY COMMISSION AND FLORIDA DEPARTMENT OF COMMUNITY AFFAIRS' MOTION TO STRIKE PLEADING FILED BY *THE FLORIDA LAND AND WATER ADJUDICATORY COMMISSION DENIED*

Not only the intervenors but also FLWAC filed pleadings in response to the DCA's notice of voluntary dismissal and Fairfield's motion to dismiss for lack of jurisdiction. Florida Land and Water Adjudicatory Commission's motion to strike the notice of voluntary dismissal of the Department of Community Affairs, filed January 30, 1987, was met with Florida Department of Community Affairs' motion to strike pleading filed by the Florida Land and Water Adjudicatory Commission, filed February 4, 1987. The Florida Land and Water Adjudicatory Commission's motion to strike Fairfield's motion to close the file, filed January 30, 1987, was met by Fairfield Communities, Inc.'s motion to strike pleading filed by the Florida Land and Water Adjudicatory Commission, filed February 10, 1987.

Fairfield and DCA argue that neither Section 380.07, Florida Statutes, nor Chapter 42-2, Florida Administrative Code, authorize FLWAC to participate as a party in DRI proceedings; that FLWAC "never filed any appearance or Petition to Intervene with DOAH"; and that FLWAC had not "authorized any pleadings to be filed in this case." A lawyer with apparent authority to file a pleading is presumed to have actual authority, at least in the absence of a motion to withdraw the pleading. Beverly S. McClear, Assistant Attorney General, signed FLWAC's motions filed January 30, 1987, which constituted notice of appearance under Rule 22I-6.07, Florida Administrative Code. On February 11, 1987, David G. Guest, Assistant Attorney General, filed a formal notice of appearance of counsel for FLWAC.

There is no requirement that the referring agency, an agency that

**167**

elects under Section 120.57(1)(b)3., Florida Statutes (1986 Supp.), to request the assignment of a hearing officer, thereafter move to intervene in order to participate in a formal administrative proceeding conducted by the Division of Administrative Hearings. The Administrative Procedure Act recognizes the referring agency's party status when it provides that, after referral to the Division of Administrative Hearings, the "referring agency shall take no further action with respect to the formal proceeding, except as a party litigant." Section 120.57(1)(b)3., Florida Statutes (1986 Supp.). A referring agency does not specific authority in its own statutes or rules to entitle it to party status in proceedings initiated b the filing of a petition with the agency.

## THE FLORIDA LAND AND WATER ADJUDICA-TORY COMMISSION'S MOTION TO STRIKE *FAIR-FIELD'S MOTION TO CLOSE FILE DENIED*

FLWAC's motion to strike Fairfield's motion to close file contains argument in opposition to Fairfield Communities, Inc.'s motion to dismiss for lack of jurisdiction, but does not state grounds for striking, as opposed to denying, Fairfield's motion.

## FLORIDA LAND AND WATER ADJUDICATORY COMMISSION'S MOTION TO STRIKE THE NOTICE OF VOLUNTARY DISMISSAL OF THE DEPARTMENT OF COMMUNITY AFFAIRS GRANTED; FAIRFIELD COMMUNITIES, INC.'S MOTION TO *DISMISS FOR LACK OF JURISDICTION DENIED*

Fairfield argues that the DCA's notice of voluntary dismissal effectively concluded formal administrative proceedings with respect to the City's June 12, 1986, order. Since, as all parties concede, the DCA was the only party statutorily entitled to initiate formal administrative proceedings that filed a petition to do so, Fairfield argues, that DCA's abandonment of its petition should bring the matter to a close. Otherwise, Fairfield contends, the intervenors are effectively exercising a right to initiate these proceedings, a right restricted by statute to "the owner, the developer, an appropriate regional planning council . . . or the state land planning agency." Section 380.08(2), Florida Statutes (1985). *E.G., Londono v. City of Alachua,* 438 So.2d 91 (Fla. 1st DCA 1983); *Suwannee River Area Council Boy Scouts of America v. State, Department of Community Affairs,* 384 So.2d 1369, 1374 (Fla. 1st DCA 1980).

The DCA' as "the state land planning agency," not the intervenors, initiated this "DRI appeal" from the City's development order. DRI appeals arise from development orders entered by local governments,

168

but they are nonetheless *de novo* administrative proceedings governed by Section 120.57, Florida Statutes (1985). In this respect, DRI appeals resemble certificate of need appeals, which are also *de novo* administrative proceedings. *E.g., University Medical Center, Inc. v. Department of Health and Rehabilitative Services,* 483 So.2d 712 (Fla. 1st DCA 1985) (on reh. 1986); *Boca Raton Artificial Kidney Center v. Department of Health and Rehabilitative Services,* 475 So.2d 260 (Fla. 1st DCA 1985). With respect to DRI appeals, as with all administrative proceedings, any person "allowed by the agency to intervene or participate in the proceedings as a party," Section 120.52(11), Florida Statutes (1985), may do so. *Gadsden State Bank v. Lewis,* 348 So.2d 343 (Fla. 1st DCA 1977).

FLWAC's rule on the subject allows materially affected parties to participate as full parties with the right to question any phase of the proceeding, if appropriate motions to intervene are filed within 30 days of the filing of a notice of appeal:

(1) Upon motion and good cause shown, the Commission or hearing officer may permit materially affected parties to intervene in the appeal, and may permit intervention by others as provided by Section 403.412(5), Florida Statutes. Motions to intervene must be filed at least five days prior to the Section 120.57(1) final hearing. Intervenors may support or oppose any of the original parties, but shall declare their position when obtaining leave to intervene and shall allege sufficient facts in support thereof in the petition to intervene.

(2) Motions to intervene filed with the Commission within 30 days of the filing of a notice of appeal may request the Commission to consider issues raised in the record below but not raised by the parties to the appeal.

(3) In all instance, intervenors shall recognize the propriety of the original proceeding, unless the Commission specifically allows intervention as a full party with the right to question any phase of the proceeding.

(4) Formal intervention will not be considered a condition precedent to appearing at a formal hearing. However, only the original parties and those who have formally intervened shall be entitled to receive notices of hearings, conferences and decisions of the Commission, unless otherwise provided by law or rule of the Commission. Rule 42-2.006, formerly Rule 27G-1.06, Florida Administrative Code.

By filing within 30 days, as provided for in Rule 42-2.006(2), Florida Administrative Code, Friends and Florida Audubon acted in the same

timely fashion as the petitioner in *Humana of Florida, Inc. v. Department of Health and Rehabilitative Services,* 500 So.2d 186 (Fla. 1st DCA 1986) acted, in contradistinction to the dilatory approach of the *Humana* intervenor.

In the present case, there are two classes of intervenors, corresponding to the dichotomy enunciated in Section 120.52(11)(c), Florida Statutes (1985). Friends and Florida Audubon, upon whom FLWAC has conferred fully party status, fall in one category, and all the other intervenors fall in another category. This distinction seems to relate to which parties filed verified petitions in accordance with Section 403.412(5), Florida Statutes (1985), itself an independent basis for participation with full party status. On whatever rationale, FLWAC, as required by its own rules, see *Gadsden State Bank v. Lewis,* 348 So.2d 343 (Fla. 1st DCA 1977), conferred full party status on parties who did not enter into the "Settlement Agreement" that the DCA, Fairfield and the City signed.

Fairfield relies heavily on the decisions in *Humana of Florida, Inc. v. Department of Health and Rehabilitative Services,* 500 So.2d 186 (Fla. 1st DCA 1986), *State, Department of Health and Rehabilitative Services v. Alice P.,* 367 So.2d 1045 (Fla. 1st DCA 1979) and *Orange County v. Debra, Inc.,* 451 So.2d 868 (Fla. 1st DCA 1982) (reh. den. 1984) for the proposition that the right of the parties who did not sign the "Settlement Agreement" are subordinate to the rights of the parties who did. In fact, unlike the other intervenors, Friends and Florida Audubon enjoy party status equivalent to that of the City, DCA and Fairfield.

The *Humana* case arose on an application for certificate of need, which the Department of Health and Rehabilitative Services (HRS) proposed to grant. Within the 30 days allowed by HRS rule, however, a third-party objector filed a petition for formal administrative proceeding and the matter was referred to the Division of Administrative Hearings for hearing. A second objector filed a petition to intervene some eleven months after HRS had given notice of intent to issue the certificate of need, and intervention was allowed. Thereafter HRS, the initial objector, and the applicant reached a settlement, the initial objector filed a notice of voluntary dismissal, the hearing officer closed the Division file, HRS entered a final order issuing a certificate of need to the applicant, and the intervenor appealed. In affirming HRS' final order, the court held that, as "an intervenor, appellant joined the proceeding subject to the action of the original petitioner." The court stated "that before an agency has 'review' jurisdiction, a timely petition

**170**

for review must be filed" and that, with the withdrawal of the only timely petition, "agency jurisdiction ceases to exist."

In support of the last proposition, the court cited *Orange County v. Debra, Inc.,* 451 So.2d 868 (Fla. 1st DCA 1983) (reh. den. 1984). In the *Debra* case, a landowner had filed a petition for a rule establishing a community development district under Chapter 190, Florida Statutes (1981), and pursuant to Section 120.54(5), Florida Statutes (1981). Orange County had been allowed to participate in the rulemaking as an intervenor "pursuant to § 190.005(1)(b) (all affected units of local government shall be given an opportunity to appear)," 451 So.2d at 871, when the landowner withdrew its petition. On appeal, Orange County argued that FLWAC should have entered a final order on the petition, notwithstanding its withdrawal. But the court affirmed FLWAC's acknowledgment of the withdrawal, holding that further proceedings would lead to

> an unnecessary waste of time and effort which can be avoided if a petitioner is simply allowed to withdraw his petition prior to a ruling thereon if he no longer wants to seek 451 So.2d at 870, any relief ("a Chapter 190 rule") from FLWAC (or any other entity). The *Debra* case stands in stark contrast to the present case where Fairfield argues that it is entitled to relief in the form of the development order it seeks, while contending that Section 120.57(1) proceedings in which the propriety of this relief may be scrutinized should come to an end.

The *Alice P.* case, like the *Humana* case, involved an intervenor who filed outside the prescribed time limit. At the time *Alice P.* was decided, challenges to proposed rules had to be brought within 14 days. The intervenor in that case came in as an intervenor after failing to avail herself of the 14-day point of entry. When the initial petitioner was dismissed for want of standing, the court held, the intervenor who had slept on her rights was not entitled to go forward on her own. Although Friends and Florida Audubon are intervenors, they are not intervenors who, like those in *Humana* and *Alice P.,* failed to take advantage of a point of entry earlier available to them. In some circumstances, the opportunity for intervention is itself the point of entry. See *Lewis Oil Co. v. Alachua County,* 496 So.2d 184 n. 1 (Fla. 1st DCA 1986). That is the case here.

Florida Audubon and Friends were full parties before the agreement was reached, as was FLWAC itself. Section 120.57(1)(b)3., Florida Statutes (1986 Supp.), which speaks to the referring agency's participation as a party litigant was amended to include the pertinent language

171

after the decision in *Jackson v. Wili,* 398 So.2d 914 (Fla. 1st DCA 1981). In the *Jackson* case, the court observed that the Human Relations Commission had not been "shown to have formal standing or participatory rights before the hearing officer," 398 So.2d at 914, but held that affording the Commission's executive director party status was "an appropriate way of assuring participation by the Commission in the proceeding before the hearing officer." 398 So.2d at 914. Neither before nor after enactment of Ch. 84-173, Laws of Florida (1984), has the "appropriate way of assuring participation" involved the filing of motions to intervene by the referring agency.

Certificate of need litigation has produced situations in which less than all of the parties have sought to bring to an end formal administrative proceedings by entering into agreements with the agency involved in those cases, but these attempts have not met with favor. In *Upjohn Healthcare Services, Inc. v. Department of Health and Rehabilitative Services,* 496 So.2d 147 (Fla. 1st DCA 1986), the applicant and HRS entered into a "stipulation and notice of dismissal", under which HRS was to issue a certificate of need to the applicant, despite the pendency of Section 120.57(1) proceedings to which an objector was a party. On reflection HRS repudiated this procedure, adopting a recommended order in which the "stipulation and notice of dismissal" was deemed "nugatory, null and void":

> HRS cannot defeat one substantially affected party's right to proceedings pursuant to Section 120.57(1), Florida Statutes (1984 Supp.) by agreeing on final disposition with another substantially affected party. Neither HRS nor [the applicant] filed anything opposing [the third party objector's] petition to intervene. Once the petition was granted, [the third party objector] attained party status equivalent to that of all other parties to the proceeding. With the matter pending before a hearing officer of the Division of Administrative Hearings, neither HRS, [the applicant] nor any other litigant, singly or in combination, can by fiat extinguish an adverse party's right to participate in formal proceedings. *Upjohn Healthcare Services, Inc. v. Department of Health and Rehabilitative Services,* No. 85-3247 (HRS; July 3, 1984) at pp. 13-14, rev'd on other grounds 496 So.2d 147 (Fla. 1st DCA 1986).

To the same effect, the court in *Florida Medical Center v. Department of Health and Rehabilitative Services,* 484 So.2d 1291 (Fla. 1st DCA 1986) held that HRS and an applicant could not settle a case without the participation of parties who had timely filed for intervention.

The record reveals that SBHD and Doctors had already been

172

permitted to intervene into the ongoing administrative proceeding; yet they were denied the opportunity to contest—and indeed were afforded no notice of—the proposed stipulation. In exchange for the issuance of a CON to Bennett, Bennett agreed not only to dismiss its pending appeal, but to dismiss the very administrative proceeding to which SBHD and Doctors had already been made parties. It is obvious that the stipulation cannot be regarded as binding on those parties that did not agree to its terms. *See Nail v. Browning,* 77 Fla. 184, 81 So. 269 (1919). The matters agreed upon in the stipulation were matters which neither HRS nor Bennett had the right to carry out in that they impinged upon the rights of existing parties (Doctors and SBHD) to the proceeding that had not agreed to the proposed settlement.

Although neither Doctors nor SBHD intervened into the administrative proceeding before the entry of HRS's final order dated May 27, 1983, as to Humana's earlier filed application, their timely intervention as parties to Humana's later filed application forecloses any argument that they waived a clear point of entry into the administrative proceeding. Waiver can only occur, as stated by us in *Capeletti Brothers, Inc. v. State, Department of Transportation,* 362 So.2d 346, 348 (Fla. 1st DCA 1978), after "the agency's rules . . . clearly signal when the agency's free-form decisional process is completed or at a point when it is appropriate for an affected party to request formal proceedings . . ." In that the affected parties (Doctors and SBHD) had requested formal proceedings, no waiver of any of their rights could have occurred. 484 So.2d at 1296.

Since the three signatories to the "Settlement Agreement" in the present case did not include all parties with full rights to participate in the proceeding, the "Settlement Agreement" was ineffective to end formal administrative proceedings.

An applicant for development approval like Fairfield cannot divest FLWAC of jurisdiction by settling with less than all of the parties. Rule 22I-6.33, Florida Administrative Code, reflects the requirement that all parties whose rights are not subordinate to those of the main parties join in any settlement. Subsection two provides:

At any time, all parties may enter into a stipulation for dismissal or other agreed settlement. With the agreement of all parties an agency may enter a consent order at any time. Rule 22I-6.33(2), Florida Administrative Code.

A party who has filed an initiating petition, as the DCA did in this case, does not have an unfettered right to withdraw it, if the applica-

173

tion to which it relates remains pending. *See Morton F. Plant Hospital Association, Inc. v. State,* 491 So.2d 586, 588 (Fla. 1st DCA 1986). In the DRI context, even when a developer seeks to withdraw its application, FLWAC need not allow withdrawal, at least after a certain point in the proceeding. *Callan v. Board of County Commissioners of Lee County,* 438 So.2d 432 (Fla. 1st DCA 1983).

## FINAL HEARING TO BE RESCHEDULED

Fairfield's motion for continuance of the final hearing now set for March 30, 1987, was unopposed. Fairfield and the DCA raised the possibility of reporting to FLWAC legal issues arising in the appeal in order to "request the decision of the Commission thereon," Rule 42-2.008(7), Florida Administrative Code, rather than simply resetting the final hearing. Such a procedure would very likely delay final disposition, and would raise questions under Ch. 84-173, Laws of Florida (1984), the law that amended Section 120.57(1)(b)3., Florida Statutes (1986 Supp.) after Rule 42-2.008(7), Florida Administrative Code, was adopted. Inasmuch as two lawyers have now entered appearances on behalf of FLWAC, moreover, it has been a simple matter for FLWAC to make its views known.

It is, accordingly,

ORDERED:

1. Fairfield Communities, Inc.'s motion to strike pleading filed by the Florida Land and Water Adjudicatory Commission is denied.

2. Florida Department of Community Affairs' motion to strike pleading filed by the Florida Land and Water Adjudicatory Commission is denied.

3. The Florida Land and Water Adjudicatory Commission's motion to strike Fairfield's motion to close the file is denied.

4. Florida Land and Water Adjudicatory Commission's motion to strike the notice of voluntary dismissal of the Department of Community Affairs is granted, but the same is deemed notice of change of position of a party litigant.

5. Fairfield Communities, Inc.'s motion to dismiss for lack of jurisdiction is denied.

6. The final hearing set to begin March 30, 1987, is hereby continued.

DONE and ENTERED this 17th day of March, 1987, at Tallahassee, Florida.