SMITH, Judge.
Humana of Florida, Inc., seeking declaratory and injunctive relief, complained in the circuit court that a bureau under the jurisdiction of defendant Secretary of the Department of Health and Rehabilitative Services had issued a certificate of need for construction of defendant Medical Center of Kissimmee, Inc.’s new 132-bed hospital notwithstanding that no public hearing on the question of necessity has been had. Secs. 381.494(5) (b), (6)(b), F.S.1973. The circuit court dismissed Humana’s complaint on the ground that Humana’s only remedy was to file a petition for certiorari in a district court of appeal, as provided by § 120.31(1), F.S.1973, within 30 days after the certificate issued. Rule 4.5c(l), F.A.R. Humana appeals, insisting that an alternative remedy of injunctive relief is available to it under ch. 120, F.S.1973.
The Health Facilities Planning Act, § 381.493-.497, F.S.1973, to promote the coordination of capital expenditures for health care facilities, prescribes a uniform method of processing applications by health care institutions desiring to expand health care facilities in a local community. The procedural protections afforded existing institutions and other interested parties include a public hearing by the appropriate areawide planning council, in which applicants and other interested parties are given reasonable notice and are allowed “to present their positions”, after which written findings and recommendations by the council are filed as a public record. Sec. 381.494(5). The process culminates in the issuance or denial of a certificate of need. Sec. 381.494(6) (d). Because no areawide planning council existed for the Kissimmee area, it became the responsibility of the bureau of community medical facilities planning to request that the bureau of comprehensive health planning process the application and provide the prescribed public hearing. Sec. 381.494(6) (b). No hearing was afforded in this instance, but a certificate of need nevertheless issued.
The Secretary urges that the public hearing procedure is not mandatory and that, in the absence of a hearing, the expiration of 90 days from the filing of an application for certification operates as approval of the application. See § 381.-494(5)(e). We reject that argument. A statutory requirement for notice and hearing cannot be mooted by bureau delay or evasion.
The Administrative Procedure Act, prior to its amendment effective January 1, 1975, provided for review of quasi-judicial orders of administrative agencies by certio-rari in the appropriate district court of appeal. Sec. 120.31(1), F.S.1973. The Secretary urges that Humana, not having timely sought certiorari review, lost whatever remedy it may have had. But the hallmark of a quasi-judicial order is that it is entered upon the “record of ... an adversary hearing pursuant to due and proper notice in which the rights of the parties affected are adjudicated . . . .” Bay Nat’l Bank and Trust Co. v. Dickinson, 229 So.2d 302, 306 (Fla.App. 1st, 1969). It is precisely because no hearing was had in this matter that the issuance of the certificate of need lacked quasi-judicial character. It therefore was “appropriate” to attack it “by mandamus, prohibition or injunction.” Sec. 120.31(4), F.S.1973; Teston v. City of Tampa, 143 So.2d 473, 476 (Fla.1962):
“If the order is quasi-judicial, that is, if it has been entered pursuant to a statutory notice and hearing involving quasi-judicial determinations, then it is subject to review by certiorari. De Groot v. Sheffield, Fla., 95 So.2d 912; Bloomfield v. Mayo, [119 So.2d 417 (Fla.App. 1st, I960)]. Otherwise, remedy by equity suit and injunction is appropriate.”
*422 In the circumstances alleged by Humana’s complaint, the circuit court was the appropriate forum to evaluate Hu-mana’s asserted right to an administrative hearing on the question of need. If Hu-mana’s position is upheld, an injunction is appropriate. Because Humana’s entitlement to equitable relief is not fully developed on this record, we intimate no view of whether Humana may be estopped from complaining by having had actual notice of the pending certification and of imminent construction of the facility, and by having inordinately delayed its complaint.
REVERSED.
BOYER, C. J., and COX, JOHN S., Associate Judge, concur.