445 So.2d 631 (1984)
FLORIDA CONVALESCENT CENTERS, INC., Petitioner,
v.
STATE of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. AX-18.
District Court of Appeal of Florida, First District.
February 8, 1984.
*632 Thomas M. Beason of Moyle, Jones & Flanigan, Tallahassee, for petitioner.
Harden King, Dept. of Health & Rehabilitative Services, Tallahassee, for respondent.
PER CURIAM.
This petition for writ of prohibition seeks to prevent issuance by HRS of a certificate of need to a third party pending resolution of petitioner's request for hearing.
On April 15, 1983, petitioner, a corporation which operates nursing homes, submitted an application for a certificate of need (CON) to respondent for the purpose of constructing a 120-bed nursing home in Dade County. Its application was "batched" with other similar applications, including one from Catholic Community Services, Inc. (CCSI), and all were denied because of a lack of need for additional nursing home beds in Dade County. Pursuant to R. 10-5.10(8) and 10-5.12, both petitioner and CCSI requested formal proceedings on their applications under § 120.57(1). Petitioner's request was transmitted to the Department of Administrative Hearings on August 30, 1983 and CCSI's on September 2, 1983. Each was assigned a separate case number, 83-2813 for CCSI and 83-2770 for petitioner. Pursuant to R. 28-5.02, petitioner sought to intervene in the formal proceeding requested by CCSI and requested consolidation with that proceeding, by motion filed on December 19, 1983. The Department of Administrative Hearings responded to the motion on January 3, 1984, informing petitioner that it was impossible to grant it because CCSI had voluntarily dismissed its case on December 14, 1983. CCSI had entered into a stipulation with respondent on December 9, 1983, which provided that if CCSI would drop its request for a § 120.57(1) hearing, HRS would grant its request for a CON to build a 180-bed nursing home in Dade County, such CON to be issued within 30 days of the date of the stipulation.
On January 6, 1984, before the expiration of the 30-day period (January 8, 1984), petitioner filed a request for hearing under § 120.57(1) requesting that the CON not be granted to CCSI until there had been a comprehensive review of all of the Dade County applications, as required by respondent's rules. Pursuant to § 120.57(1)(b)(1), requests for hearings shall be granted or denied within 15 days of receipt, therefore respondent had until approximately January 23, 1984, to grant or deny petitioner's request (January 21, 1984 is the 15th day but is a Saturday). In its petition for writ of prohibition, petitioner alleges that "respondent [HRS] has informed [it] that ... it intends to proceed to enter a final order granting the CON to CCSI," apparently without the § 120.57 hearing. Petitioner *633 seeks an order prohibiting HRS from issuing the CON to CCSI until such hearing is held.
The petition for writ of prohibition is denied. The facts alleged do not show respondent to be without jurisdiction to act with respect to the certificate of need covered by the stipulation in question. We note, however, that petitioner's January 6, 1984 request for proceedings under § 120.57(1) to review respondent's entry into the stipulation may render voidable any action taken pursuant thereto prior to respondent's resolution of petitioner's request.
In Capeletti Brothers v. Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978), the agency's use of informal letters and telegrams in an attempt to suspend Capeletti's certificate of qualification was called "free-form action." The opinion recognized that the "vast majority of an agency's free-form decisions become conclusive because they are not challenged in § 120.57(1) ... proceedings," but that "absent waiver [of § 120.57 benefits by an adversely affected party], ... an agency's free-form action [is] only preliminary irrespective of its tenor." Id. at 348 (emphasis supplied). The agency was found to be "powerless" to suspend the certificate "until proceedings [were] had satisfying § 120.57." Id. at 349. We conclude that the referenced language does not mean that the agency would be without jurisdiction in the context before us, but was intended, instead, to emphasize that any such action would be subject to attack for failure to comply with statutory requirements.
We find the stipulation entered into by respondent to be the equivalent of the free-form action involved in Capeletti, and conclude that petitioner has not waived the benefits of § 120.57 but has properly requested them. The stipulation entered into by respondent is therefore preliminary, Capeletti, supra at 348, and any action taken pursuant to that stipulation prior to the resolution of petitioner's request for § 120.57(1) review would be similarly subject to attack. Should respondent deny petitioner's request, petitioner may of course seek review in this court, as would also be true for a final order issuing from the § 120.57(1) proceeding, if held.
The petition is denied.
MILLS and WENTWORTH, JJ., and McCORD, Jr. (Ret.), Associate Judge, concur.