PER CURIAM.
This cause comes before us on petition for review of preliminary and intermediate agency action or, alternatively, petition for writ of mandamus. Through this petition, petitioners seek to stay the opening and operation of a hemodialysis center by respondent West Boca Raton Artificial Kidney Center (West Boca), pursuant to Certificate of Need (CON) 2461 issued by respondent Florida Department of Health and Rehabilitative Services (HRS), pending resolution of administrative proceedings.
Petitioners operate hemodialysis centers in Palm Beach County. In December of 1982, West Boca filed an application for a CON to operate a hemodialysis center in Palm Beach County. HRS made an initial determination to deny the application. West Boca petitioned HRS for a formal administrative hearing into the denial of its application. Petitioners requested and were granted leave to intervene in the hearing as parties whose substantial interest would be affected. Prior to the scheduled hearing, HRS and West Boca entered into an agreement whereby West Boca agreed to voluntarily dismiss its petition for an administrative hearing and, in return, HRS would grant West Boca’s application for a CON. Thereafter, West Boca voluntarily dismissed the requested administrative hearing and was issued CON 2461 by HRS. Petitioners were not parties to this agreement but petitioned for a Section 120.57 hearing on the issuance of the CON to West Boca. The petition was referred to the Division of Administrative Hearings, and a hearing date was set.
In the petition for review of nonfinal agency action, petitioners argue that the CON issued by HRS is preliminary agency action subject to administrative review. Petitioners allege that West Boca has begun construction of the hemodialysis center; that construction is nearing completion; and that West Boca intends to open and operate the facility under the CON prior to resolution of administrative proceedings. Petitioners contend that West Boca should not be allowed to operate the hemodialysis center under the authority of the CON until administrative hearings are concluded, a recommended order entered, and a final order rendered. West Boca relies on the “long-standing policy” of HRS[1] that an applicant whose application is initially approved may act on the approved CON at their own risk, subject to the outcome of any administrative challenge to the issuance of the CON.
We have no quarrel with the proposition that an applicant whose application is initially 'granted by HRS may begin construction of a health care facility prior to the completion of administrative proceedings. In that case, the applicant assumes the risk that the preliminary determination of the agency will withstand any administrative challenge by a substantially affected party and the CON will be issued on final order of the agency. However, we find the policy of allowing a health care facility to open and operate under the authority of a CON issued on the preliminary determination of HRS to be in conflict with basic established principles of administrative law.
Although the CON in question does not so state, it represents preliminary agency action. That the actual certificate *262 fails to state that it is a “notice of intent to issue CON” or that it is “subject to administrative review” does not change the character of the certificate as preliminary agency action. Such action is subject to administrative review via Section 120.57(1) or (2) hearings on the petition of a substantially affected party. The policy of HRS, whereby an applicant is permitted to operate a health care facility on the basis of preliminary approval by the agency, acts to foreclose meaningful administrative review afforded substantially affected parties by Chapter 120. The agency’s failure to differentiate between preliminary and final agency action leads to a situation where a health care facility is being operated under the authority of a CON which has not yet been issued by final order of the agency.
A petition for a Section 120.57 hearing commences a de novo proceeding at which the applicant will carry the burden of proving it meets the statutory criteria and is entitled to a CON. To allow the applicant to begin operation under a CON on the preliminary approval of the agency is to accord the agency’s preliminary decision to grant the CON an impermissible presumption of correctness. We find the following language from Florida Department of Transportation v. J.W.C., 396 So.2d 778 (Fla. 1st DCA 1981), to be particularly appropriate to the case sub judice:
[O]nce a formal hearing is requested, there is no “presumption of correctness” in the mere fact that in preliminary proceedings the Department has issued its “notice of intent” to issue the permit that would relieve the applicant of carrying the “ultimate burden of persuasion.” [citations omitted]
396 So.2d at 789. To allow an applicant to operate a health care facility based solely on the preliminary determination of the agency is tantamount to presuming that the preliminary decision of the agency is correct. Such policy also fails to recognize the proper role of Section 120.57 hearings in the administrative process, i.e., such hearings are to aid in the formulation of final agency action and are not intended solely for review of action taken earlier and preliminarily. See McDonald v. Department of Banking, 346 So.2d 569, 584 (Fla. 1st DCA 1977).
Such a policy would also seem to short-circuit the goals of Section 381.493 et seq., Florida Statutes, known as Florida’s Health Facilities and Health Services Planning Act, which was designed to promote the coordination of capital expenditures for health care facilities. Applications are to be evaluated against statutory criteria including: the need for the facility; the immediate and long-term financial feasibility of the proposed facility; the availability and adequacy of the existing health care services; the costs and methods of the proposed construction; the probable impact of the proposed project; and the cost of providing the health services. See Humana of Florida, Inc., v. Keller, 329 So.2d 420, 421 (Fla. 1st DCA 1976). The policy of HRS could, in effect, moot the requirement that an applicant prove the costs and methods of proposed construction and that less costly, more efficient, or more appropriate alternatives are not available. Similarly, the statutory criteria require that an applicant prove it can deliver and provide quality of care. See Section 381.494(6)(c)(3), Florida Statutes. Under the “long-standing policy” of HRS an applicant could build, open, and operate a health care facility before there is any final determination by the agency as to whether that applicant can provide quality care in its facility. That such a situation could exist, where patients are treated in a facility prior to a final determination that the facility can provide quality care, is evidence to us that HRS has failed to properly implement the Health Facilities and Health Services Planning Act in accord with established principles of administrative law.
West Boca argues that we should decline to stay the effect of the CON pending administrative proceedings and relies on the case of First National Bank of Miramar v. Lewis, 355 So.2d 869 (Fla. 1st DCA 1978). There, First National Bank moved this court for a stay of the Department of Banking and Finances' order authorizing a *263 competitor bank pending review in this court. First National Bank argued that the public would suffer irreparable injury should the competitor open and later be forced to close. The department denied the stay, stating that “[t]he applicant bank should be privileged to make its own decision whether to open the branch without further delay, with knowledge that the Department’s favorable order is subject to review on the merits by this court.” Id. This court deferred to the department’s expertise and denied the motion for stay. We feel the instant case is distinguishable on several grounds. First, First National Bank of Miramar dealt with a motion to stay final agency action. Second, as the court noted in First National Bank of Miramar, the petitioner there did not claim that the department “took action without complying with essential Chapter 120 procedures,” 355 So.2d at 869, 870, whereas here petitioner is alleging that HRS has acted without complying with essential Chapter 120 procedures. Finally, we determine that to allow a health care facility to open prior to a final agency determination as to whether it can provide quality care gives rise to a possibility for “irreparable injury” to the public, which the court found absent in First National Bank of Mira-mar.
Accordingly, for the foregoing reasons, we hold that the initial determination by HRS to grant or deny an application for a CON is preliminary agency action. To allow an applicant to begin operation of a health care facility prior to a requested administrative hearing and the subsequent entry of recommended and final orders is to accord the agency’s preliminary determination an improper presumption of correctness. Furthermore, such a practice is inconsistent with the provisions of Chapter 120, whereby an administrative hearing is intended to aid in the formulation of final agency action and not to provide for a preliminary review of preliminary agency action. We also find that the fact that an applicant has begun or completed construction of a health care facility pursuant to a CON issued on the preliminary determination of HRS does not prevent the hearing officer from considering whether the applicant has met the burden of proving compliance with the statutory criteria set forth in Section 384.493 et seq., nor does such fact entitle the applicant to raise any argument regarding equitable entitlement to a CON.
Remanded for proceedings consistent with this opinion.[2]
SMITH, SHIVERS and BARFIELD, JJ., concur.

. HRS has not filed a response in support of this "long-standing policy.”

. On receipt of the instant petition, an order to show cause was entered and a temporary stay on the opening and operation of West Boca Raton Artificial Kidney Center was imposed. When it became apparent that this opinion would not be released until after Section 120.57 hearings were held, an order was entered dissolving the temporary stay. While final agency action may now have taken place on the subject certificate of need, we feel this opinion is necessary to correct the erroneous perception of the Florida Department of Health and Rehabilitative Services as to the nature of that agency’s action initially granting a certificate of need. Section 120.68(13)(a) gives this court great latitude in fashioning appropriate relief, see Sans Souci v. Division of Florida Land Sales and Condominiums, 448 So.2d 1116 (Fla. 1st DCA 1984), and this opinion is intended to clarify the nature and effect of the agency action.