GARY, WILLIAM L., Associate Judge.
On 18 June 1986, this court entered an order dismissing the appeal herein as from a nonfinal order. This opinion is filed pur *432 suant to that order in fuller explication of the reasons therefor.
The Florida League of Hospitals (FLH) is a trade association representing the interests of its membership, 80 investor-owned hospitals. The Hospital Cost Containment Board was created by Section 395.503, Florida Statutes, in implementation of the legislative intent expressed in Section 395.5025 to assure affordable health care to state citizens. One aspect of the Board’s duties toward this end is to “approve, approve as amended by the board, or disapprove the budget of each hospital_” Section 395.-504(2). Each hospital is required to file its budget with the Board for approval. Section 395.509(1).
Upon receipt of a budget, the staff of the Board is required to review the budget and to make preliminary findings and recommendations in writing as to whether the budget should be approved, disapproved, disapproved in part, or amended. Section 395.509(8)(a). Approval is required unless a) the gross revenue of the hospital per admission equals or exceeds the upper 20% of per admission gross revenue established for its group or b) the gross revenue of the hospital per admission equals or exceeds the upper 50% and the rate of increase of the gross revenue from the last approved budget exceeds the maximum allowable rate of increase (MARI). Section 395.-509(2)(a) and (b). For hospitals which fall into either of these two categories, the Board is required to “review the budget to determine whether the rate of increase contained in the budget is just, reasonable, and not excessive.” Section 395.509(5). Subsection (5)(a)-(k), establishes the criteria to be used in that determination.
On 16 August 1985, FLH wrote a letter to the Board, complaining that, the (5)(a)~ (k) criteria were being used to perform allegedly unauthorized detailed budget analyses of “automatically approved” hospital budgets, i.e. those which did not fall into the categories described in 395.-509(2)(a) and (b), and that staff criticisms pursuant to those unauthorized analyses were being publicly disseminated. The letter went on to request that the Board permit FLH to appear at its next scheduled meeting to advocate the position that such analyses should cease.
As a result of this letter, the Board requested its counsel to prepare an in-house opinion as to whether the complained-of analyses and comments were authorized by Chapter 395, Part II. The 18 September 1985 opinion stated that, pursuant to Section 395.509(8)(a), Board staff was required to make preliminary findings and recommendations in writing on all budgets submitted to the Board, and that there was no limitation on the nature of those recommendations. Therefore, the comments and recommendations were proper under the statute for all budgets, not just those falling under (2)(a) and (b).
FLH was permitted to appear through counsel at a regularly scheduled Board meeting held 26 September 1985. He reiterated the complaints stated in the 16 August letter, arguing that (5)(a)-(k) could not be used in the required preliminary review, but could only be applied once a budget passed the threshold set by (2)(a) and (b). Board counsel responded that, given the Board’s task of budget review and education of consumers and hospitals, such preliminary comments even on budgets within budgetary guidelines provided a data base against which to measure a hospital should it ever exceed those guidelines. A member of the Board then moved to instruct staff not to make the complained-of comments, which motion was defeated by a 5-3 voice vote. It is this defeat which FLH appealed herein.
The finality of agency action is the principal jurisdictional requisite to judicial review as of right. 4245 Corp., Mother’s Lounge, Inc. v. Division of Beverage, 348 So.2d 934 (Fla. 1st DCA 1977). The goal of Chapter 120 proceedings is the generation of a record and final action based thereon. For example, a petition for rulemaking under Section 120.54(5) requires an agency to provide “a written statement of its reasons” for the denial of a petition; a petition for declaratory statement pursuant to Sec *433 tion 120.565 requires the agency to “set out [its] opinion as to the applicability of [the] statutory provision” to the petitioner, which opinion the statute denominates “final agency action”; a proceeding under Section 120.57(1) generates a recommended order with findings of fact and conclusions of law and a final order, under 120.57(2) a “written explanation” of agency action along with a record.
In this case, although acknowledging that it could have proceeded under Chapter 120 toward resolution of its grievance, FLH concedes that it chose instead to pursue an informal avenue outside that process by writing a letter of complaint and appearing at a Board meeting. The Board’s subsequent voice vote was not taken down for filing nor were the reasons therefor set forth in any reviewable fashion. Under these circumstances, that vote can only be classified as preliminary agency action, which is subject to further administrative review via Section 120.57(1) or (2) hearings on the petition of a substantially affected party. Boca Raton Artificial Kidney Center, Inc. v. Department of Health and Rehabilitative Services, 475 So.2d 260, 262 (Fla. 1st DCA 1985).
It is true that Section 120.68(1) allows for immediate review of preliminary, procedural or intermediate agency action if review of the final agency decision would not provide an adequate remedy. However, FLH has not demonstrated that its further administrative remedies would not be adequate although given the opportunity to do so. We therefore decline to review this preliminary action under the cited provision.
Finally, FLH suggested in its response to our show cause order that we treat the appeal as a petition for writ of prohibition. First of all, the purpose of prohibition is to prevent the doing of something, not to compel the undoing of something already done. Bender v. First Fidelity Savings and Loan Association of Winter Park, 463 So.2d 445, 446 (Fla. 4th DCA 1985). Here, the Board has already taken the extrajurisdictional action complained of; it cannot be prevented. Further, prohibition, being an extraordinary writ, cannot be resorted to when ordinary and usual remedies provided by law are adequate, complete and available. 35 Fla.Jur.2d Mandamus and Prohibition Section 143. Here, this preliminary agency action is subject to further administrative review, Boca Raton. We therefore decline to treat the appeal as a petition for writ of prohibition.
The appeal is dismissed as from a nonfi-nal order nunc pro tunc 18 June 1986.
WENTWORTH and NIMMONS, JJ., concur.