## HOME HEALTH CARE OF BAY COUNTY, FLORIDA, INC. v DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES

Case No. 88-1353F

State of Florida, Division of Administrative Hearings

June 29, 1988

### APPEARANCES OF COUNSEL

**Vicki Gordon Kaufman,** McDermont, Will and Emory, for petitioner.

**Theodore E. Mack,** Assistant General Counsel, Department of Health and Rehabilitative Service, for respondent.

### OPINION OF THE COURT

DIANE K. KIESLING, Hearing Officer.

### *FINAL ORDER*

Pursuant to notice, a formal hearing was held in this cause on May 11, 1988, in Tallahassee, Florida, before the Division of Administrative Hearings, by its designated Hearing Officer, Diane K. Kiesling.

The issue is whether Petitioner, Home Health Care of Bay County, Florida, Inc., (Home Health Care of Bay) is entitled to attorney's fees and costs under Section 57.111, *Florida Statutes,* for fees and costs incurred in DOAH Case No. 87-2151.

Petitioner presented the testimony of Warren A. Phillips and had Petitioner's Exhibits 1, 3-6, and 8 admitted in evidence. Respondent, Department of Health and Rehabilitative Services (HRS), presented the testimony of Sharon Gordon-Girvin and Joseph D. Mitchell and had Respondent's Exhibits 1-3 admitted in evidence.

The transcript of the proceedings was filed on May 19, 1988. The parties' proposed findings of fact and conclusions of law were filed on June 10, 1988. All proposed findings of fact and conclusions of law have been considered. Specific rulings on each proposed finding of fact is made in the Appendix attached hereto and made a part of this Final Order.

## BACKGROUND

On March 21, 1988, Home Health Care of Bay filed a petition seeking an award of attorneys' fees and costs pursuant to Section 57.111, *Florida Statutes* (1987), The Florida Equal Access to Justice Act (the Act). This petition was timely filed following entry by HRS of a Final Order in DOAH Case No. 87-2151 on February 18, 1988. That Final Order granted a Certificate of Need (CON) to Home Health Care of Bay to operate a home health agency in Bay County, Florida.

Section 57.111(4)(c) provides that:

[A]n award of attorney's fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.

As defined in Section 57.111(3), the following words or phrases are applicable to Section 57.111(4)(c).

(b) The term "initiated by a state agency" means that the state agency:

* * *

3. Was required by law or rule to advise a small business party of a clear point of entry after some recognizable event in the investigatory or other free-form proceeding of the agency.

(c) A small business party is a "prevailing small business party" when:

170

1. A final . . . order has been entered in favor of the small business party and . . . the time for seeking judicial review of the . . . order has expired;

\* \* \*

(d) The term "small business party" means:

\* \* \*

1.b. A partnership or corporation . . . which has its principal office in this state and has at the time the action is initiated by a state agency not more than 25 full-time employees or a net worth of not more than $2 million;

\* \* \*

(e) A proceeding is "substantially justified" if it had a reasonable basis in law and in fact at the time it was initiated by a state agency.

## FINDINGS OF FACT

1. The initial action of HRS in regard to the application of Home Health Care of Bay's application for a CON, as set forth in the State Agency Action Report (SAAR), was to deny the application.

2. THE SAAR, dated April 29, 1987, together with a cover letter dated April 30, 1987, advised Home Health Care of Bay that its application has been denied because "[t]here was no need demonstrated by Home Health Care of Bay for an additional home health agency in Bay County." These two documents further advised Home Health Care of Bay of its point of entry into Chapter 120, *Florida Statutes.*

3. Home Health Care of Bay availed itself of this point of entry by filing a request for a formal hearing pursuant to Section 120.57(1) on the initial decision to deny its application.

4. Home Health Care of Bay is a for-profit corporation under the laws of Florida, having been incorporated on December 10, 1986, prior to the SAAR and the initial denial letter.

5. Home Health Care of Bay has had its principal office in the State of Florida since its incorporation.

6. Home Health Care of Bay does not have and has never had more than 25 full-time employees.

7. At the time of its CON application and of the initial denial by HRS, Home Health Care of Bay had assets of $1,000, which was received from issuance of 1,000 shares of stock at $1.00 per share, and a notice receivable of $21,600. The total net worth of Home Health Care of Bay at the time this action was initiated was $22,600.

171

8. By its response to the Request for Admission 1 and its stipulation at hearing, HRS has stipulated that Home Health Care of Bay incurred attorneys' fees and associated costs in DOAH Case No. 87-2151 equal to $15,000 and that said fees and costs are reasonable. It is so found.

9. Following a formal hearing in DOAH Case No. 87-2151, a Recommended Order was entered on December 17, 1987, recommending granting of the CON. A Final Order was entered by HRS on February 15, 1988. HRS adopted all of the Findings of Fact in the Recommended Order. HRS granted certain exceptions to the Conclusions of Law. Specifically, HRS granted exceptions as to the conclusions that its reliance on the statutory criteria is "nebulous," that its failure to establish a need methodology is arbitrary and capricious, that it was requiring applicants to prove "unmet need," and that the Hearing Officer relied in part on a need methodology abandoned by HRS.

10. HRS granted the requested CON to Home Health Care of Bay by this Final Order.

11. Findings of Fact in that Recommended Order, which were adopted by HRS, included findings that:

A. HRS abandoned its "interim policy" regarding use of a need methodology in home health agency applications in late 1986. (Finding of Fact 56).

B. HRS informed applicants that it had abandoned the interim policy only after applications were filed in the second batching cycle of 1986. (Finding of Fact 57).

C. Applicants in this December, 1986, batching cycle, including Home Health Care of Bay, were asked for an unlimited extension of time within which HRS could render a decision. (Finding of Fact 58).

D. Applicants who refuse to agree to an extension were evaluated on the basis of the "statutory need criteria." Applicants who did not agree to an extension were denied. (Finding of Fact 59).

E. The new "policy" used by HRS to evaluate these applications (the ones who refused to grant extensions) put the burden of proof on the applicant to demonstrate an unmet need. Such a demonstration would be difficult to make. (Finding of Fact 62).

F. HRS reviewed Home Health Care of Bay's application using the new "policy" based on the "thirteen statutory criteria." Such a review required Home Health Care of Bay to prove need by demonstrating an unmet need. (Findings of Fact 63).

172

G. As evidenced by HRS' review of Home Health Care of Bay's application, a policy requiring an applicant to meet a negative burden of proof is unreasonable. It imposes a standard which is virtually impossible for an applicant to meet. (Finding of Fact 64).

12. Findings of Fact 65-82 in the Recommended Order set forth extensive findings regarding the standard used by HRS to review the application of Home Health Care of Bay and the reasons why the review was deficient and the determination to deny the application was flawed.

13. One Conclusion fo Law which HRS did not reverse is that found on page 35 of the Recommended Order in the second full paragraph:

Further, DHRS' preliminary decision had no reasonable basis in law or fact at the time it was made.

It is this same preliminary decision which was set forth in the SAAR and which constituted the initial decision from which Home Health Care of Bay had a point of entry into Chapter 120 proceedings.

14. In attempting to justify its action, HRS presented the testimony of Sharon Gordon-Girvin. Ms. Gordon-Girvin had no part in or knowledge of the initial decision of HRS to deny this application. Instead, shortly before and in preparation for the final hearing in DOAH Case No. 87-2151, Ms. Gordon-Girvin reviewed the SAAR and the initial decision and agreed with HRS' counsel not to enter into a settlement with Home Health Care of Bay. Her testimony regarding the basis for and the correctness of the initial denial is rejected as being irrelevant to the question of whether HRS had a reasonable basis in law and in fact at the time it initially denied the application. Additional, such after-the-fact rationalization and justification for HRS' actions is so self-serving as to merit little weight.

15. HRS failed to prove that its initial denial was reasonable in DOAH Case No. 87-2151 and it failed to prove in this case that there was any reasonable basis for its initial denial.

16. HRS did present evidence that Home Health Care of Bay may be able to recover some of its fees and costs through Medicare reimbursements amortized over at least five (5) years. However, the evidence was speculative and uncertain, and HRS did not offer evidence that Home Health Care of Bay *will* recover any or all of its fees and costs through Medicare reimbursements.

## CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction of the

parties to and the subject matter of this proceeding. Sections 57.111 and 120.57(1), *Florida Statutes.*

Section 57.111(4)(c) mandates an award of attorney's fees and costs to a prevailing small business party in an adjudicator proceeding pursuant to Chapter 120 which was initiated by a state agency. There are two exceptions to this mandate:

1. If the actions of the state agency were substantially justified; or

2. If special circumstances exist which would make the award unjust.

In applying the Florida Equal Access to Justice Act (the Act), guidance can be found in the federal cases under the Equal Access to Justice Act, 5 U.S.C. Section 504, on which the Act is patterned. *Gentele v Department of Professional Regulation, Board of Optometry,* 513 So.2d 672 (Fla. 1st DCA 1987). The Act is subject to the same construction as the federal Act so long as " 'such construction is harmonious with the spirit and policy of Florida legislation on the subject.' *Pasco County School Board v Florida Public Employee Relations Commission,* 353 So.2d 108,116 (Fla. 1st DCA 1977)." *Gentele, supra* at 673.

The Petitioner bears the initial burden of proving that it is a small business party, that it prevailed, and that the underlying adjudicatory proceeding pursuant to Chapter 120 was initiated by a state agency. Once this showing is made, the burden shifts to HRS to demonstrate that its action were substantially justified or that special circumstances exist which would make the award unjust. This allocation of the burden of proof is clearly stated in *Gentele v Department of Professional Regulation, Board of Optometry,* 9 FALR 310, 327 (DOAH June 20, 1986), affirmed on other bases in *Gentele, supra:*

> The conclusion that the agency must prove its actions were substantially justified, or that special circumstances exist which would make an award unjust, is buttressed by the plain language of the statute. In mandatory language, Section 57.111(4)(a) declares the general rule — that fees and costs "shall" be awarded to a prevailing small business party. Then, following a comma, the Act creates two exceptions (actions substantially justified or special circumstances make an award unjust) which, if proven, make the general rule inapplicable. The agency is the best party to know the factual and legal basis of its prior actions, and whether special circumstances exist which would make an award unjust. Hence, it is the agency which must affirmatively raise and prove the exception.

*Small Business Party?*

174

Section 57.111(d)(d)1.b sets forth the definition of "small business party" which is applicable to this case. To qualify, Home Health Care of Bay must be a (1) corporation, (2) with its principal office in Florida, which had, at the time of the action was initiated by the State Agency, (3) not more than 25 full-time employees, *or* (4) a net worth of not more than $2 million.

It is undisputed that Home Health Care of Bay was a for-profit corporation, incorporated on December 10, 1986. Its principal office is in Florida. It also was stipulated and admitted that Home Health Care of Bay has and had fewer than 25 employees. Without reference to more, it must be concluded that Home Health Care of Bay is a small business party as defined in the Act.

HRS attempted at hearing to assert that Home Health Care of Bay is merely the alter ego of Dr. Mark Ehrman and that therefore, Dr. Ehrman's professional practice and personal assets should be considered in applying the definition. This position is rejected for several reasons. First, HRS presented no evidence to establish the net worth of either Dr. Ehrman or his professional practice. Second, HRS presented no evidence sufficient to pierce the corporate veil. A showing of fraud or improper conduct is necessary to pierce the corporate veil. *Dania Jai-Alai Palace, Inc. v Sykes,* 450 So.2d 1114 (Fla. 1984). As the Court made clear, the mere fact that one individual owns or controls a corporation does not lead inevitably to the conclusion that the corporate entity is necessarily the alter ego of its stockholder. To conclude so would "completely destroy the corporate entity as a method of doing business and it would ignore the historical justification for the corporate enterprise system." *Dania Jai-Alai, supra* at pages 23 and 24. Finally, Home Health Care of Bay need not prove both that it has fewer than 25 employees and that it has a net worth of less than $2 million. The operative word in the statute is *or.* HRS stipulated that it has and had fewer than 25 full-time employees. Hence there is no need to determine the net worth of Home Health Care of Bay or of Dr. Ehrman. Home Health Care of Bay is a small business party as defined in the Act.

*Prevailing?*

Section 57.111(3)(c)1. specifies when the small business party can be considered to have prevailed. It is necessary that there be an order entered in favor of the small business party and that the order not have been reversed on appeal or that the time for filing an appeal have passed. The Final Order entered by HRS on February 18, 1988, was clearly in favor of Home Health Care of Bay in that it awarded the

**175**

CON which had been previously denied. That Final Order has not been appealed and the time for filing an appeal has passed. Hence, Home Health Care of Bay is the prevailing small business party as defined in the Act.

*Action Initiated by the State Agency?*

In order for terms of the Act to be invoked, the underlying proceeding must be an adjudicatory proceeding or administrative proceeding pursuant to Chapter 120 initiated by a state agency. As relevant to the instant case, Section 57.111(3)(b)3. specifies that an action is initiated by a state agency when the state agency was required by law or rule to advise a small business party of a clear point of entry after some recognizable event in the free form proceeding of the agency.

HRS argues that the underlying case did not involve investigatory or other free-form proceedings of the agency and that the Florida Legislature meant to narrowly limit the cases in which fees and costs could be sought by restricting the application of the Act to cases in which the agency is conducting an investigation or is acting outside its agency rules. However, HRS' arguments are not persuasive.

The preliminary decision of HRS, as stated in the SAAR and the accompanying letter advising the applicant of the intent to deny the CON, has consistently been characterized as "preliminary agency action" and as a "free-form agency decision." *NME Hospitals, Inc. v Department of Health and Rehabilitative Services*, 492 So.2d 379 (Fla. 1st DCA 1985); *Florida Medical Center v Department of Health and Rehabilitative Services*, 484 So.2d 1292 (Fla. 1st DCA 1986); *Boca Raton Artificial Kidney Center, Inc., et al. v Department of Health and Rehabilitative Services, et al.*, 475 So.2d 260 (Fla. 1st DCA 1985); and *Florida Convalescent Centers, Inc. v Department of Health and Rehabilitative Services*, 445 So.2d 631 (Fla. 1st DCA 1984). It is exactly this free-form agency action which gives rise to the clear point of entry into Chapter 120 proceedings. See Section 381.494(8)(e), *Florida Statutes,* and Section 381.709(4) and (5), *Florida Statutes* (1987).

Additionally, the Legislature expressed its intent and reason for enacting the Act in Section 57.111(2), where it is specified:

The Legislature finds that certain persons may be deterred from *seeking review of,* or defending against, unreasonable governmental action . . . The purpose of this section is to diminish the deterrent effect of *seeking review of,* or defending against, governmental

**176**

actions by providing in certain situations an award of attorney's fees and costs against the state. (Emphasis Supplied).

"In interpreting provisions of a statute, the legislative intent is the polestar by which courts must be guided. *Wakulla County v Davis*, 395 So.2d 540 (Fla. 1981)." *Gulf Coast Home Health Services of Florida, Inc. v Department of Health and Rehabilitative Services*, Nos. BO-171 and BO-418 (Fla. 1st DCA June 8, 1988). Here the legislative intent could not be clearer. It is intended that the awards available under the Act apply both when the small business party is defending itself against actions by the agency and when it is seeking review of some free-form agency action.

The Legislature was aware of the federal Act and modeled the Florida Act after it. However, the Legislature did one thing radically different. The federal Act specifically *excludes* award of fees and costs in actions involving the granting and renewing of licenses. See 5 U.S.C. Section 504(b)(1)(C)(i). The Legislature here did not place this exclusion in the Florida Act. The Legislature is assumed to know the meaning of the words it uses and to have expressed its intent by using them as they do in an enactment. *SRG Corporation v Department of Revenue*, 365 So.2d 687 (Fla. 1978); *Thayer v State*, 335 So.2d 815 (Fla. 1976). With this in mind, it can only be concluded that the Legislature did not intend to exclude awards in actions involving applications for licenses.

Additionally, the case of *Ann Miller v Department of Health and Rehabilitative Services*, DOAH Case No. 87-1605F (Final Order, October 8, 1987), involved a request for fees and costs in connection with an underlying case for foster care licensure. HRS denied the initial application and provided a point of entry for a Section 120.57(1) hearing. After hearing and Recommended Order, a Final Order was entered granting the license. In that fees case, it was determine that Section 57.111 applied in cases involving license applications where all other criteria for an award are met.

For these reasons, it is determined that HRS initiated the action as defined in Section 57.111(3)(b)3. in that HRS was required by law to advise Home Health Care of Bay of its clear point of entry after the recognizable event of the entry of the SAAR and free-form denial of the CON application.

*Substantially Justified?*

The burden now shifts to the agency to prove the exception that its actions were substantially justified. Section 57.111(3)(e) defines it as follows:

A proceeding is "substantially justified" if it had a reasonable basis in law and in fact at the time it was initiated by a a state agency.

The standard to be applied is less restrictive than the "complete absence of a justiciable issue of either law or fact" of Section 57.105, *Florida Statutes,* and is more restrictive than an automatic award of fees to every prevailing small business party. *McCallister v Department of State, Division of Licensing,* 9 FALR 4064 (DOAH 1987); *Robaina v Division of Professional Regulation* (sic), 9 FALR 4072 (DOAH 1987). Federal authority defining the standard is persuasive. *Gentele, supra* at p. 673. In discussing the meaning of the term "substantially justified," the court in *Ashburn v U.S.,* 740 F.2d 843 (11th Cir. 1984), said

> The government bears the burden of showing that its position was substantially justified. [Citations omitted] The standard is one of reasonableness; the government must show "that its case had a reasonable basis both in law and fact." [Citations omitted] The fact that the government lost its case does not raise a presumption that the government's position was not substantially justified. [Citations omitted] Nor is the government required to establish that its decision to litigate was based on a substantial probability of prevailing. [Citations omitted].

Quoted with approval in *Structured Shelters Financial Management, Inc., et al. v Department of Banking and Finance, Division of Securities,* DOAH Case No. 87-1015F (Final Order December 24, 1987).

In applying this standard, the relevant time period is when the case was initiated by HRS. It has already been determined that the action was initiated by HRS when it issued the SAAR and letter denying the application. Hence, all the evidence offered and argued by HRS which related to events which occurred after April 30, 1987, is irrelevant. What matters is whether the free-form action by the agency on April 30, 1987, had a reasonable basis in law and in fact. The Findings of Fact of the Recommended Order, which were adopted by HRS and which are set forth again herein in Findings of Fact 11 A-G, establish that HRS was unreasonable and that HRS used a "policy" which imposed a standard that was impossible to meet. Further, it was concluded in the Recommended Order and found herein at Finding of Fact 13, that "DHRS' preliminary decision had not reasonable basis in law or fact at the time it was made." This Conclusion of Law was *not* altered by the exceptions stated in the Final Order in DOAH Case No. 87-2151. Even if it had been, it is still the conclusion that must be reached in this case. HRS was not substantially justified when it issued

the SAAR and denied the CON application of Home Health Care of Bay on April 30, 1987.

*Special Circumstances?*

HRS asserts that special circumstances exist which would make an award unjust. Specifically, it argues that Home Health Care of Bay *may* be reimbursed by the federal Medicare program for its fees and costs *if* the costs are solely attributable to Medicare and *if* the costs do not exceed the reasonable caps set by the Medicare program.

However, these arguments are again not persuasive. The facts that Home Health Care of Bay may recover some of its fees and costs, amortized over at least five years, is speculative and therefore does not prove a special circumstances that does, in fact, exist. Even if Home Health Care of Bay is able to recoup some of its expenses from Medicare, such ability should not act as a limitation to the application of Section 57.111. As the court clearly stated in *City of Naples Airport Authority v Collier Development Corporation,* 515 So.2d 1058, 1059 (Fla. 2d DCA 1987), interpreting Section 57.111,

> Rather than establishing a limitation, we believe that the legislature intended to provide an alternative, and in some cases, an additional means for a small business to recover costs and attorney's fees when a state agency initiates an action against it.

Finally, any fees and costs awarded against the state agency here would be offset against the amounts which *may* be recoverable from the federal government through Medicare reimbursements. HRS has offered no proof that Home Health Care of Bay could receive double compensation for all or part of its fees and costs.

The burden is on HRS to prove that special circumstances exist that would render an award unjust. It has not carried this burden. No such special circumstances exist.

*Conclusion*

Home Health Care of Bay has carried its burden of proving that it is a prevailing small business party in an administrative proceeding initiated by HRS. HRS has not carried its burden of proving either of the exceptions to the award of fees and costs. The parties stipulated that Home Health Care of Bay incurred attorneys' fees and costs of $15,000 in DOAH Case No. 87-2151.

Based upon the foregoing Findings of Fact and Conclusions of Law, it is

ORDERED that the Petition for Attorneys' Fees and Costs filed by

**179**

Home Health Care of Bay County, Florida, Inc., be GRANTED and that the Department of Health and Rehabilitative Services pay to Home Health Care of Bay the sum of $15,000 in attorneys' fees and costs within thirty days from the date hereof as required by Section 57.111(5), *Florida Statutes* (1987).

DONE and ORDERED this 29th day of June, 1988, in Tallahassee, Florida.