548 So.2d 719 (1989)
HEALTH QUEST CORPORATION, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 88-1269.
District Court of Appeal of Florida, First District.
August 2, 1989.
Rehearing Denied September 26, 1989.
Steven W. Huss, Tallahassee, for appellant.
Richard A. Patterson, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.
PEARSON, TILLMAN (Ret'd).
Health Quest Corporation (Health Quest) appeals a final order of the Department of Health and Rehabilitative Services (HRS) denying Health Quest's application for a certificate of need. The sole issue in this case is whether section 381.713(4), Florida Statutes (1987), mandates the exclusion of a prior issued certificate issued to the same applicant, Health Quest, from the determination of need upon the application for this new certificate of need. We affirm the final order denying the application for this new certificate and approve the conclusion of law of the hearing officer, which was in turn adopted by the department, that Health Quest did not meet the conditions for the application of the statute.
A short history of the two applications follows. A certificate of need (CON 2696) for more than 100 beds was issued to Health Quest on January 31, 1985. On *720 April 29, 1987, Health Quest expended $670,850 for the site. An entity, Health Care and Retirement Corporation of America, filed a petition for Formal Administrative Proceeding dated June 16, 1987. This late filed petition sought to initiate proceedings to collaterally attack CON 2696 two and one-half years after its issuance. Health Quest responded to the attack by a motion to dismiss the petition on the grounds that the petition was an untimely, sham pleading. The department dismissed the petition upon the grounds that it had no basis in law, and on laches. Thus Health Quest was left holding a CON for more than 100 beds upon which it had expended substantial assets.
In January of 1987, Health Quest filed the application with which we now must deal. This application is for approval of a 110-bed facility, and Health Quest argues on this appeal that a need for the facility should be found because section 381.713(4), Florida Statutes (1987), requires the exclusion from the calculation of need its own allotment of more than 100 beds under CON 2696.

Section 381.713(4)
26. Section 381.713(4) states in pertinent part:
(4) VALIDITY OF CERTIFICATE OF NEED.  A certificate of need issued by the department for nursing home facilities of 100 beds or more prior to February 14, 1986, is valid, provided that such facility has expended at least $50,000 in reliance upon such certificate of need, excluding legal fees, prior to the initiation of proceedings under the Administrative Procedures Act subsequent to February 14, 1986, contesting the validity of the certificate of need. If such nursing home certificate of need includes beds that have not yet been licensed as of June 17, 1987, such beds shall not be considered or utilized in the determination of need or included in the inventory of licensed or approved nursing home beds by the department with respect to applications filed before June 17, 1987... .
Health Quest contends that any petition for hearing filed with the agency activates the statute, even though the petition is untimely or sham and is dismissed as unauthorized by law. The hearing officer ruled:
The clear meaning of Section 381.713(4), as set forth in Finding of Fact 26, shows that Health Quest does not meet all the conditions for application of the statute. Specifically, HCR sought to initiate proceedings by filing a Petition, but the petition was denied. In other words, HCR was not permitted to initiate proceedings. To allow any other interpretation would be to defeat the intent of the statute. Under the interpretation urged by Health Quest, any petition to challenge the validity of a CON, no matter how specious, would trigger application of the statute and the beds of the challenged CON would be permanently removed from the approved bed inventory and the licensed bed inventory for calculation of need in the future. The Legislature could not have intended such an irrational result, a result that would defeat the spirit and intent of the entire Health Facility and Services Development Act of 1987.
The rule in effect at the time CON 2696 was issued afforded interested parties thirty days in which to request a hearing in order to challenge the issuance of the certificate. It read:
Within 30 days of the department's decision on a certificate of need application, any person may, for good cause shown, request in writing a public hearing for purposes of reconsideration of the department's decision.
R. 10-5.10(10), Florida Administrative Code. The rule was jurisdictional in nature. See Florida Convalescent Centers, Inc. v. State Department of Health and Rehabilitative Services, 445 So.2d 631, 632-3 (Fla. 1st DCA 1984), Humana of Florida, Inc. v. Department of Health and Rehabilitative Services, 500 So.2d 186 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1041 (1987). In Humana, this court stated that before an agency has "review" jurisdiction, a timely petition for review must be filed. That case was not concerned with *721 section 381.713(4), but is persuasive in view of the facts of this case.
CON 2696 was issued on January 31, 1985 and afforded all persons thirty (30) days from the issuance of the CON in which to request a public hearing for the purpose of reconsideration. The petition that Health Quest now claims to have triggered the statute was filed on June 16, 1987. To hold that this untimely petition was the "initiation of proceedings" not only would strain the clear meaning of the statute but would produce an illogical and unjust result.[1]
We therefore affirm the final order of the Department of Health and Rehabilitative Services.
AFFIRMED.
ERVIN and JOANOS, JJ., concur.
NOTES
[1] We note that where the right to comparative review was established in Gulf Court, there was no question that the petition for a section 120.57 hearing by Gulf Court was timely filed with the Department. Gulf Court Nursing Center v. Department of Health and Rehabilitative Services, 483 So.2d 700, 703 (Fla. 1st DCA, 1985).